TIMELY PRODUCTS CORP. and Raph-
ael J. Costanzo, Plaintiffs,

v.

Stanley ARRON, Visa-Therm Products,
Inc., and Max and Anna Arron,
Defendants.

Civ. No. 11864.

United States District Court
D. Connecticut.

March 4, 1969.

Arthur T. Fattibene, Bridgeport, Conn., for plaintiffs.

Lawrence B. Schwartz, Gladstone & Schwartz, Edward F. Kunin, Ernest M. Junkins, Bridgeport, Conn., for defendants.

## RULINGS ON MOTION TO CITE IN ADDITIONAL PARTIES AND TO AMEND ANSWER

ZAMPANO, District Judge.

In this patent infringement action, both plaintiff Costanzo and defendant Stanley Arron, former business associates, have been granted patents embodying a low-voltage, electrically heated sock. Plaintiff Costanzo gave an exclusive license to produce socks under his patent to Benjamin M. Hines on December 27, 1965. On January 4, 1966, the Timely Products Corporation was incorporated by Benjamin M. Hines and Lois D. Hines who are now its president and vice-president respectively. The exclusive license was assigned to Timely Products by Benjamin M. Hines on January 24, 1966. The assignment was accepted on behalf of the corporation by Lois D. Hines as vice-president.

On March 16, 1967, Timely Products and Costanzo filed suit in this Court alleging that the defendants were infringing the Costanzo patent by producing their own variety of electric socks. The defendants answered the

complaint and denied infringement. They further counterclaimed that Costanzo had wrongfully appropriated Arron's original idea for the production of such socks. Subsequently, Arron was issued a patent covering his electric sock. The defendants seek an order permitting them to amend their answer to include an additional counterclaim against the plaintiffs for infringement of the Arron patent.

■ The defendants' original answer in this action was filed on May 22, 1967. The Arron patent was granted on July 9, 1968. Therefore the counterclaim for patent infringement was acquired by defendants after their answer was served. Accordingly, under the provisions of Rule 13(e), F.R.Civ.P., this Court grants permission to set forth the counterclaim in an amended pleading.

■ Since an amendment has been allowed which may result in a finding that Timely Products is liable for patent infringement, Mr. and Mrs. Hines, as officers of Timely Products, may also be jointly liable as individuals for actively inducing the infringement. 35 U.S.C. § 271(b). See e. g., International Manufacturing Co. v. Landon, Inc., 336 F.2d 723, 728–729 (9 Cir. 1964) cert. denied 379 U.S. 988, 85 S.Ct. 701, 13 L.Ed.2d 610 (1965); Bewal, Inc. v. Minnesota Mining and Manufacturing Co., 292 F.2d 159 (10 Cir. 1961); Reeves Bros., Inc. v. U. S. Laminating Corp., 282 F.Supp. 118 (S.D.N.Y.1968).

The 1966 Amendment to Rule 13(h), F.R.Civ.P., provides:

(h) *Joinder of Additional Parties.*

Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20.

The Advisory Committee's Notes in commenting on the 1966 amendment state:

* * * Hereafter, for the purpose of determining who must or may be joined as additional parties to a counterclaim or cross-claim, the party pleading the claim is to be regarded as a plaintiff and the additional parties as plaintiffs or defendants as the case may be, and amended Rules 19 and 20 are to be applied in the usual fashion. * * *

3 Moore's Federal Practice, ¶ 13.39, p. 101 (1968 Supplement).

Rule 20, F.R.Civ.P., provides in pertinent part:

(a) All persons * * * may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. * * *

■ The defendants are asserting rights against Timely Products for patent infringement and against its officers for inducing the infringement. Therefore, this Court finds that Mr. and Mrs. Hines may be joined as "counter-defendants" since a right to relief is asserted against them either jointly, severally, or in the alternative which arises out of the same series of transactions (the alleged patent infringement), and since questions of law and fact common to all defendants will arise in the action (whether or not there was in fact an infringement of the Arron patent). Stanley Works v. Haeger Potteries, Inc., 35 F.R.D. 551 (N.D.Ill. 1964); Harman v. Scott, 183 F.Supp. 138 (S.D.Ohio 1960); Looper v. Colonial Coverlet Co., 29 F.Supp. 121, 125 (E.D.Tenn.1939); Boysell Co. v. Franco, 26 F.Supp. 421 (N.D.Ga.1939); cf., Dairyland Insurance Company v. Hawkins, 292 F.Supp. 947 (S.D.Iowa 1968); Dunbar & Sullivan Dredging Co. v. Jurgensen Co., 44 F.R.D. 467, 473–474 (S.D. Ohio 1967), aff'd, 396 F.2d 152 (6 Cir. 1968).

Of course, by these rulings, the Court intimates no opinion on the merits of the counterclaim.

Accordingly, it is

Ordered, that the defendants' motion to submit an amended complaint and counterclaim is granted, and it is further

Ordered, that the defendants' motion to cite in Benjamin M. Hines and Lois D. Hines as counter-defendants to the counterclaim is granted.