**ARCHITECTURAL COATINGS ASSOCIATES LIMITED PARTNERSHIP, Plaintiff and Counterclaim Defendant,**

v.

**APPLIED COATINGS INTERNATIONAL, INC., Defendant and Counterclaim Plaintiff,**

v.

**OMNIMAX, INC. and Alan Magerman and Victor Boddy and Parker & Rutstein, Additional Defendants on Counterclaim.**

Civ. A. No. 84–2154.

United States District Court, E.D. Pennsylvania.

Nov. 14, 1984.

David I. Grunfield, David Rosenfeld, Parker, Bluestein, Rutstein & Mirarchi, Philadelphia, Pa., for Architectural Coatings.

Vincent J. Pentima, Kenneth L. Oliver, Philadelphia, Pa., for Omnimax, Inc. and Magerman.

Jeffrey B. Solomon, Kanter & Bernstein, Philadelphia, Pa., for Victor Boddy.

Harvey Bartle, III, John P. Luneau, Dechert, Price & Rhoads, Philadelphia, Pa., for Applied Coatings Intl.

Curtis P. Cheyney, III, Swartz, Campbell & Detweiler, Philadelphia, Pa., for Parker & Rutstein.

## MEMORANDUM

O'NEILL, District Judge.

Architectural Coatings Associated Limited Partnership (ACALP) has sued Applied Coatings International, Inc. (Ohio) (ACII Ohio) for breach of an agreement dated December 31, 1982. Plaintiff alleges, *inter alia,* that defendant agreed to perform services in connection with a research project, namely, the development of technology relating to a coating system for architectural glass; that plaintiff paid defendant the sum of $380,000 of a total contract price of $2,159,600; that defendant has failed to do what it agreed to do; also that defendant failed to maintain or to provide to plaintiff various records and status reports; and that defendant wrongfully disclosed confidential information generated by the project to a third party. Plaintiff seeks damages and other relief.

ACII Ohio has filed an answer and counterclaim against plaintiff and additional counterclaim defendants Omnimax, Inc., Alan Magerman, Victor Boddy and the law firm of Parker & Rutstein (P & R), these

additional defendants allegedly being the "promoters" of ACALP.

Count I of the ACII Ohio counterclaim asserts a breach of the December 31, 1982 contract by plaintiff, who allegedly has failed to make the payments required by the contract, thereby obliging defendant to curtail its research and development activities with resultant loss of business. Count II alleges that the promoters fraudulently induced ACII Ohio to enter into the December 31, 1982 agreement and have deliberately withheld funds from ACII Ohio in order to damage its business. Count III alleges that the acts alleged in Count II prevented ACII Ohio from performing its contract with ACALP.

On September 13, 1984, the Court denied a motion of Omnimax and Magerman to dismiss Counts II and III of the ACII Ohio counterclaim. Despite the provision of Rule 12(a) granting only 10 days for a responsive pleading, Omnimax filed its "answer" (not a reply as required by Fed.R. Civ.P. 7) to the counterclaim on October 3, 20 days later.

On September 24, 1984, counsel for Omnimax withdrew his appearance and an appearance was entered by new counsel, who had been retained by Omnimax on September 12, 1984.

On October 23, 1984, Omnimax filed and served by mail the present motion for leave to file an amended answer asserting a counterclaim against ACII Ohio and others. For the reasons stated hereinafter, this motion will be denied.

▮ The Court agrees with the contention of Omnimax that under Rule 15(a) and without leave of court an answer may be amended to add a counterclaim within 20 days after service of the original answer if the case has not been placed upon the trial calendar. The Court does not agree, however, that Rule 15(a) is applicable to the present situation. Although the Omnimax motion appears to have been filed on the 20th day after service of its answer, its answer was served 10 days late in violation of Rule 12(a). Omnimax may not use its own default to avoid the requirement of judicial approval of its proposed pleading.[1]

Leave to amend must, therefore, be sought pursuant to the provisions of Rule 13(f):

> "(f) *Omitted Counterclaim.* When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."

▮ In his brief, counsel for Omnimax gives the following explanation of why a counterclaim was not asserted in the answer:

> "A counterclaim was not then set forth in that Answer in view of new Counsel's unfamiliarity with the factual background of this litigation and the lack of sufficient time to review and analyze that background, as well as the complex issues and the many documents involved." (p. 2)

At oral argument counsel for Omnimax stated that a counterclaim had not been asserted because previous counsel for Omnimax believed that a counterclaim was not warranted. Given these statements, it seems likely that the omission was deliberate rather than due to oversight, inadvertence or neglect. The Court may, nonetheless, grant leave to amend if it concludes that justice so requires. Although leave to amend to add a counterclaim has been freely granted under Rule 13(f), the matter is one which is committed to the Court's sound discretion.

The proposed counterclaim consists of 6 counts, 83 numbered paragraphs and 25 pages, and would add 3 new parties to the action. A non-exhaustive summary of its contents follows.

Count I names ACII Ohio, Harry Beale and James Clare defendants. It asserts

---

1. The answer could be struck because it was not timely filed; in that event, leave of court would be required to file an answer out of time.

breach of a written joint venture agreement between Beale and Omnimax dated June 5, 1982, as amended by a further writing made March 23, 1983. The venture concerned research, development and commercialization of technology in the area of certain coatings for glass. ACII Ohio was to be the corporate instrumentality of this venture.[2] Omnimax agreed to use its best efforts to obtain funds for ACII Ohio; ACII Ohio was to pay a royalty to the provider of the funds and a consulting fee to Omnimax.[3] The agreement provides that it is to be governed by Ohio law and requires that any claim or dispute thereunder must be litigated in a court sitting within Ohio. The Count seeks damages in the amount of $100,000, the amount of the allegedly unpaid consulting fee.

Count II names ACII Ohio, Beale and another corporation, ACII Delaware, defendants. It asserts breach by Beale of a provision in the agreement of June 5, 1982, obligating him and Omnimax to "attempt to develop mutually satisfactory terms" with respect to proposed thermoelectric generator research by U.S. Energy Resources, Inc., a subsidiary of Omnimax. No facts are alleged which would constitute a breach of duty by ACII Ohio. The Count seeks damages in an unspecified amount.

Count III names Beale, Clare and ACII Delaware defendants. It asserts breach of a contractual duty and a duty under the laws of Ohio and Delaware to provide Omnimax with accurate statements of the finances of ACII Delaware and ACII Ohio and to allow Omnimax access to the books of ACII Delaware. The Count seeks damages in an unspecified amount.

Count IV names ACII Ohio, Beale, Clare and ACII Delaware defendants. It asserts that, by virtue of the agreement of June 5, 1982, Beale and Clare became fiduciaries owing a duty of good faith dealing to Omnimax; further, that Beale and Clare have breached this duty in numerous (15) respects, the purpose of their actions being to deprive Omnimax of its share in the joint venture and to acquire such ownership interest for themselves. No facts are alleged which would constitute a breach of duty by ACII Ohio; conceivably that company could be an appropriate party to such an action because of the relief requested. The Count seeks an accounting, imposition of a constructive trust, the return of Omnimax shares, injunctive relief, and damages in an unspecified amount.

Count V names ACII Ohio, Beale, Clare and ACII Delaware defendants. It alleges wilful and malicious false statements by Beale and Clare upon which Omnimax reasonably relied to its detriment. No facts are alleged which would constitute a breach of duty by ACII Ohio. The Count seeks damages in an unspecified amount.

Count VI names Beale and Clare defendants and alleges that all that has gone before constitutes racketeering, mail fraud and wire fraud by them in violation of 18 U.S.C. §§ 1341, 1343 and 1962(b), (c) and (d) and/or (e). The Count seeks injunctive relief, damages in an unspecified amount trebled, and attorney's fees.

It seems obvious that Omnimax is attempting to use any claim which it may have against ACII Ohio as a means of bringing into this forum and this action its much more far-reaching claims against Messrs. Beale and Clare arising out of the June 5, 1982 agreement, and the joint venture undertaken pursuant thereto, possibly to avoid a contractual obligation to assert some or all of such claims in an Ohio court.[4] Absent the assertion of compulso-

---

**2.** The June 5 agreement refers to "CI, Inc." Counsel have informed the Court that upon incorporation of the contemplated company in November it was given the name ACII Ohio.

**3.** ACALP thereafter became the provider of the funds and the contract on which it sues in this action is the governing instrument for that investment.

**4.** This provision is presumptively valid. *See Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190, 201–202 (3d Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983).

ry counterclaims, the Court is not disposed, shortly before the discovery cut-off date,[5] to permit the insertion into an action involving a contract between ACALP and ACII Ohio of claims arising under another possibly related contract to which neither ACALP nor ACII Ohio is party. These claims would add additional parties and numerous additional issues to the case and would require a substantially longer period for the completion of discovery and for trial of the case. The claims probably would be subject to defenses of lack of personal jurisdiction and/or venue as to some of the defendants and surely would be subject to a defense that they must be litigated in an Ohio court. Recognizing that some of the facts provable in connection with ACII Ohio's claim of fraudulent inducement [6] may also be relevant to litigation of the proposed counterclaims, the Court nevertheless believes that such claims are more properly left to an independent action,[7] whether or not one brought in Ohio. Inclusion of them in this case would unfairly prejudice ACII Ohio by requiring it to engage in expensive and time-consuming litigation of what is essentially a dispute between Omnimax on the one hand and Messrs. Beale and Clare on the other.

■■■ Moreover, all of · the proposed claims except Count I should be disallowed for another, perhaps more compelling, reason. Under Rule 13(h), an additional party may not be brought in where the counterclaim is directed solely against the new party and not against an existing party, *Penguin Industries, Inc. v. Kur*, 39 F.R. Serv.2d 869, 871 (E.D.Pa.1984). Counts III

and VI do not name ACII Ohio as a defendant; Counts II, IV and V do not state a claim against ACII Ohio. Accordingly, they will not be permitted.[8]

There remains Count I, which does state a claim against ACII Ohio.[9] If this is merely a permissive counterclaim, leave to amend will be denied for the reasons stated above. If, however, it is compulsory, leave will be granted in order to avoid the possibility of forfeiture of the claim. Omnimax states that whether its claims are compulsory or merely permissive is "not clearly ascertainable" at this time.[10]

The Court of Appeals for the Third Circuit articulated the test for determining whether a counterclaim is compulsory in *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir.1978), as follows:

> "*Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir.1961), established that the operative question in determining if a claim is a compulsory counterclaim is whether it bears a logical relationship to an opposing party's claim.
>
> [A] counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of econ-

---

5. This date will have to be postponed because the attorneys for both ACII Ohio and Omnimax are newly arrived in the case but allowance of the Omnimax counterclaim would require a much longer extension.

6. Such a claim is a compulsory counterclaim to one for breach of contract, *National Equipment Rental, Ltd. v. A.L. Fowler Poultry & Egg Co.*, 287 F.2d 43, 46 (2d Cir.1961).

7. See *A.H. Gruetzmacher & Co. v. Massey-Ferguson, Inc.*, 512 F.Supp. 194, 201 (N.D.Ill.1981). Counsel for Omnimax states that there are no statute of limitations problems.

8. Since these Counts do not state claims against ACII Ohio, they obviously are not compulsory counterclaims.

9. In view of the liberal construction accorded to a federal complaint, the omission of an allegation that Beale had the power to commit ACII Ohio to payment of· the consulting fee is not fatal.

10. Paragraphs 11 and 14 of Motion. A similar statement was made at oral argument by counsel for Omnimax. ACII Ohio asserts that all of the proposed counterclaims are permissive.

omy requires that the counterclaimant be permitted to maintain his cause of action. Indeed the doctrine of *res judicata* compels the counterclaimant to assert his claim in the same suit for it would be barred if asserted separately, subsequently.

Thus, a detailed analysis must be made to determine whether the claims involve: (1) many of the same factual issues; (2) the same factual and legal issues; or (3) offshoots of the same basic controversy between the parties. The *Great Lakes* analysis has been generally used by several federal courts as was noted by the Supreme Court in *Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, 469, 94 S.Ct. 2504, 2506, n. 1, 41 L.Ed.2d 243 (1974)."

■ The above summaries of the ACII Ohio counterclaim and of Count I of the proposed Omnimax counterclaim make it clear that the two do not involve the same factual and legal issues or many of the same factual issues. Separate trials of the two claims would not involve a substantial duplication of effort and time. And while the Court is not prepared to say that the two claims are totally unrelated, it also cannot conclude that the claims are offshoots of the same basic controversy, that is, the dispute among the present parties to this action. Moreover, Count I arises under a contract providing that any dispute arising thereunder has to be litigated in a court sitting in Ohio. For these reasons, the Court concludes that Count I of the proposed counterclaim is permissive and not compulsory.