## NORTHFIELD INSURANCE COMPANY, Plaintiff,

v.

**BENDER SHIPBUILDING & REPAIR COMPANY, INC., and Gail Stuart, as Administratrix of the Estate of Stephen Stuart, Deceased, Defendants.**

**BENDER SHIPBUILDING & REPAIR COMPANY, INC., Counterclaimant,**

v.

**NORTHFIELD INSURANCE COMPANY, Mobile Metal Wreckers, Inc., Assured Insurance Agency, Inc., and Strickland General Agency, Inc., Counterdefendants.**

Civ. A. No. 88–0191–AH–M.

United States District Court, S.D. Alabama, S.D.

Sept. 12, 1988.

Harold Albritton, Andalusia, Ala., for plaintiff Northfield and for counterdefendant Northfield.

J. Hodge Alves, III, Mobile, Ala., for defendant Bender and for counterclaimant Bender.

Robert T. Cunningham, Jr., Mobile, Ala., for defendant Gail Stuart.

Harold Albritton, Andalusia, Ala., for counterdefendant Strickland.

John D. Richardson and Weyman W. McCranie, Mobile, Ala., for counterdefendant Assured.

Counterdefendant Mobile Metal has not made an appearance as of Sept. 14, 1988.

### ORDER

HOWARD, District Judge.

This matter is before the Court on the counterdefendant Assured Insurance Agency, Inc.'s ("Assured") "Motion to Strike/Dismiss" (# 13). Assured moves to strike/dismiss the counterclaim of defendant/counterclaimant, Bender Shipbuilding & Repair Company, Inc. ("Bender") against Assured. Assured asserts that since it was

---

**4.** Cf. *Schaefer v. Transportation Media, Inc.*, 859 F.2d 1251, 1256 n. 6 (7th Cir.1988).

not an original party (it was named for the first time in Bender's counterclaim), the Court lacks jurisdiction over Assured. Assured's argument rests on its legal conclusion that "[t]he Federal Rules of Civil Procedure allow counter-claims to be brought only against those individuals or entities which are parties to a lawsuit at the time the counterclaim is made." Assured also notes that it has not been made a party to the lawsuit pursuant to either Rule 19 or 20 of the Fed.R. of Civ.P. Bender filed a brief in opposition to Assured's motion to strike/dismiss. In its brief Bender asserts that leave of court is not required to add counterclaim defendants. In the alternative Bender moves to join Assured and the other counterclaimants as parties without having to re-serve them. In a supplemental brief Bender asserts that Assured, under Fed.R.Civ.P. 21, lacks standing "to raise this lack of permission [to add counterclaimant defendants]".

As the Court's research and the parties' briefs reveal, there is, apparently, no published court of appeals or Supreme Court decisions addressing the issue before this Court: whether under Fed.R.Civ.P. 13(h) a defendant/counterclaim plaintiff must obtain leave of court to join counterclaim defendants as parties to the action, such counterclaim defendants not being parties to the action prior to the filing of the counterclaim.

A literal reading of the Fed.R. of Civ.P. does not provide the answer. The few courts which have dealt with this issue have decided the issue both ways.

Fed.R. of Civ.P. 13(h) states:

(h) **Joinder of Additional Parties.** Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20.

Fed.R. of Civ.P. 13(h).

Fed.R. of Civ.P. 19 and 20 deal with mandatory and permissive joinder. They, too, do not expressly require a motion by a party. Indeed, Rule 19 may be read as implying that leave to join is not required: "If the person has not been so joined, the court

shall order that the person be made a party."

In *Vermont Castings, Inc. v. Evans Products Co.*, 510 F.Supp. 940 (D.Vt.1981) Franklin Cast Products, Inc. filed a counterclaim against the plaintiff and a group of other companies the court referred to as "the IMEX Group". The IMEX Group moved to dismiss the counterclaim, asserting, among other things, that Franklin failed to obtain leave of court to join the IMEX Group as counterclaim defendants. Denying the motion to dismiss, the court stated:

Although Professor Moore notes in his Federal Practice treatise that the counterclaim-plaintiff seeking to bring in additional parties pursuant to Rule 13(h) should secure an order from the court that these parties be made defendants to the counterclaim, he also argues persuasively that the 1966 revision of the rule, which dropped the provision that "the court shall order [additional parties] to be brought in," eliminates the need to obtain leave of court where the new parties are being brought in on a counterclaim which is raised in the original answer. *See* 3 Moore's Federal Practice ¶ 13.39, at 13–998–99 (2d ed. 1980). We agree that leave of court is no longer required. The spirit of the Federal Rules is served by eliminating unnecessary motions. Any abuse of the joinder provisions can be remedied upon motion under Rule 21 which provides that parties may be dropped by order of the court on such terms as are just.

In his treatise Professor Moore makes the following observations and arguments:

Under the 1966 revision of Rule 13(h), it is not clear whether leave of the court must be obtained before a defendant can bring in new parties as additional defendants to a counterclaim. Former Rule 13(h) inferred that such leave was necessary since it stated "the court shall order them to be brought in . . ." However, this language was omitted in favor of the present provision that "persons . . . may be made parties . . . in accordance with provisions of Rules 19 and 20." Good

arguments can, therefore, be advanced that leave of court is no longer necessary if the new parties are being brought in on a counterclaim which is raised in the original answer.[27]

[27] Since Rule 19 requires the counterclaimant to bring in indispensable parties, it would seem anomalous to require leave of court to perform an act which the rule mandates.

Second, since the 1963 amendment of Rule 14 now provides that no leave of court is required to bring in new parties if the third party complaint is filed no later than ten days after service of the original answer, the same policy ought to be applicable to counterclaims filed in the answer.

Third, since the Advisory Committee's Note of 1966 to subdivision (h) states that "the party pleading the claim is to be regarded as a plaintiff ... and amended Rules 19 and 20 are to be applied in the usual fashion," see ¶ 13.01[8.—2], *supra,* and a plaintiff in his original complaint does not require leave of court to name additional parties, it can be implied that the Committee intended that leave of court is not necessary.

Fourth, functionally the spirit of the Rules is served by eliminating unnecessary motions, and any abuse can be remedied upon motion within the Court's discretion under Rule 21.

3 J. Moore, Moore's Federal Practice ¶ 13.39 (2d ed. 1987) (ftn. 26 omitted; part of ftn. 27 omitted).

Assured relies primarily on two cases which hold that leave of court is required to join counterclaim defendants: *Mountain States Sports, Inc. v. Sharman,* 353 F.Supp. 613 (D.Utah 1972) and *A.L. Williams & Assoc., Inc. v. D.R. Richardson & Assoc., Inc.,* 98 F.R.D. 748 (N.D.Ga. 1983). Both cases reach their conclusions without much analysis. In *Mountain States Sports,* the court's entire discussion of the issue consisted of the following:

In 1966, Fed.R.Civ.P. 13(h) was amended in order to provide explicitly for the addition of parties to a counterclaim when the requirements for mandatory or permissive joinder, Fed.R.Civ.P. 19 and 20, were complied with. At the same time, the requirement that a court order be obtained to join additional parties was dropped without comment in the Advisory Committee's Notes. 3 Moore's ¶ 13.39 at 66–67 (Supp.1971). However, the general practice apparently continues to contemplate and order. *E.g., Ulichny v.*

*General Electric Co.,* 309 F.Supp. 437 (N.D.N.Y.1970); *Timely Products Corp. v. Arron,* 303 F.Supp. 713 (D.Conn.1969); *United States v. Techno Fund, Inc.,* 270 F.Supp. 83 (S.D.Ohio 1967). *See* Fed.R. Civ.P. 21. The court chooses to comport with this practice so as to insure orderly compliance of proposed parties with the requirements of Rule 19 or 20. As a result, the motions [to dismiss for failure to obtain leave to join] should be granted with the understanding that the defendants may seek the court's leave for the proper addition of Mr. Daniels.

*Mountain States Sports,* 353 F.Supp. at 618.

This Court has reviewed the cases cited in *Mountain States Sports.* Those cases are distinguishable from the fact situation before the *Mountain States Sports* court, namely, that those cases did not address the issue of whether leave of court is required to join a party as a counterclaim defendant. In those cases, the party asserting the counterclaim had filed such a motion. Hence, whether such a motion is required was not at issue. Further, the *Mountain States Sports* court did not hold that the Fed.R. of Civ.P. *require* a motion for leave to join; rather, the court merely noted that *"the general practice* apparently continues to contemplate an order.... The court *chooses* to comport with this practice...." *Id.* (emphasis added). The question is not what is the general practice; the question is whether the rules *require* such a motion.

In *A.L. Williams* the court simply cited *Mountain States Sports* and the cases cited by *Mountain States Sports,* and without discussion dismissed two would-be counterclaim defendants. *A.L. Williams,* 98 F.2d at 753, 54. The court twice noted that it was "open to a motion to join MILICO & Williams." *Id.* 98 F.R.D. at 753, n. 14 and at 754, n. 16.

Upon consideration, this Court is persuaded by the rationale set forth by Prof. Moore and by the *Vermont Castings* decision and is of the opinion that leave of court is not required by the Fed.R. of Civ. P. to join a previous non-party as a counter-

claim defendant. This holding is based on the 1966 amendment to Rule 13(h) and the letter and spirit of the Fed.R. of Civ.P. Accordingly, Assured's motion to strike/dismiss is DENIED.

In the alternative, Bender's motion to add as counterclaim defendants Assured, Strickland General Agency, Inc., and Mobile Metal Wreckers, Inc. is GRANTED. Bender is not required to reserve these counterclaim defendants.

Because of these rulings, it is not necessary to address Bender's argument that Assured lacks the standing "to raise this lack of permission."