MacLEAN ASSOC., INC.

v.

**WILLIAM M. MERCER–MEDLINGER –HANSEN, INC.**

Civ. A. No. 89–8600.

United States District Court,
E.D. Pennsylvania.

Jan. 31, 1990.

Frank J. Benasutti, John P. Blasko, John J. Marshall, Benasutti & Murray, P.C., Philadelphia, Pa., Martin J. King, Cordes, King & Associates, New Hope, Pa., for plaintiff.

Roger Wayne Herrell, Donald R. Piper, Jr., Dann, Dorfman, Herrell and Skillman, Philadelphia, Pa., Robert Neuner, Robert C. Scheinfeld, Carl Oppedahl, Brumbaugh, Graves, Donohue & Raymond, New York City, for defendant.

## ORDER

GILES, District Judge.

AND NOW, this 31st day of January, 1990, it is hereby ORDERED that Defendant's motion for joinder of additional parties is GRANTED. It is further ORDERED that defendant has leave to file an amended answer within ten (10) days of entry of this Order.

1. Plaintiff filed the above captioned action for declaratory judgment to determine whether it infringed the copyright of defendant or competed unfairly with defendant by misappropriating trade secrets. Defendant filed an answer, including five counterclaims against plaintiff: 1) copyright infringement; 2) misappropriation and misuse of trade secrets; 3) unfair competition; 4) unjust enrichment; and 5) misappropriation of business information.

2. Defendant moved, pursuant to Rule 13(h) Fed.R.Civ.P., to join as parties Greg Darnley and Barry MacLean. Defendant allege that Darnley, a former employee of defendant, stole defendant's computer software while under the supervision of MacLean.

3. Rule 13(h) provides, "Persons other than those made parties to the original action may be made parties to a counter-claim or crossclaim in accordance with the provisions of Rules 19 and 20." Defendant argued that Rule 20 allows joinder of Darnley and MacLean. Rule 20 provides, in pertinent part, "All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

4. Plaintiff did not oppose the joinder of Darnley and MacLean as to the original five counterclaim counts. Rather, it objected to defendant's proposed addition of a sixth cause of action for breach of fiduciary duty against Darnley. Defendant did not include this sixth cause of action in its original answer because it is only asserted against Darnley. Darnley was not a party to the suit when defendant answered the complaint.

5. Darnley and MacLean may be joined as parties to plaintiff's action under Rule 20. A federal question exists. In addition, the claims against the parties to be joined arise out of the same occurrences and transactions. Plaintiff did not contest the applicability of Rule 20 to the first five causes of action.

6. The only question presented by plaintiff's response to the motion was whether the sixth counterclaim is proper. Plaintiff cited *Architectural Coatings v. Applied Coatings Int'l*, 103 F.R.D. 442 (E.D.Pa. 1984) in support of its objection. That case concerned a contract claim that was at issue in the pleadings before the court. There, allowing the counterclaim would have added additional parties and issues and delayed the trial. *Id.* at 446. Here, there are no such impediments, since Darnley is joined only for purposes of the original five counterclaims.

7. *Penquin Industries v. KUC*, 39 F.R. Serv.2d 869 (E.D.Pa.1984) interpreted Rule 13 as barring joinder of an additional party where the counterclaim was asserted only against that additional party since counter-

**494**

claims can only be brought against existing opposing parties. *Id.* at 871.

8. Here defendant seeks to join Darnley under Rule 13(h) based on the five pre-existing counterclaims asserted against plaintiff, the existing opposing party. Thus, the defendant is not suing the plaintiff on a different cause of action from the cause of action that defendant has against Darnley. This court interprets defendant's request to bring this additional counterclaim against Darnley as a Rule 13(e) motion.

9. Rule 13(e) provides, "A claim which ... matured ... by the pleader after serving a pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading." "The purpose of [this] subdivision ... is to provide complete litigation in one action on all claims that parties may have with respect to each other, and thus avoid a multiplicity of actions." 3 Moore's Federal Practice ¶ 13.32 (2d Ed.1987). If this court did not allow defendant an opportunity to include this claim against Darnley, defendant would have to sue Darnley in a separate action in which the same facts would be presented as in this case. This result would be wasteful of judicial resources and would undermine the purpose behind Rule 13.

10. Accordingly, defendant's motion to join Darnley and MacLean to the above captioned action is GRANTED. It is further ORDERED that defendant has leave to file an amended answer including the breach of fiduciary duty claim against Darnley within ten (10) days of the entry of this order.