METALLGESELLSCHAFT
AG, Plaintiff,

v.

FOSTER WHEELER ENERGY CORPORATION, Foster Wheeler Corporation, Foster Wheeler Power Systems, Inc., Foster Wheeler Mt. Carmel, Inc., Foster Wheeler USA Corporation, Foster Wheeler Constructors, Inc. and Foster Wheeler Development Corporation, Defendants.

FOSTER WHEELER ENERGY CORPORATION, Counterclaim and Third Party Claim Plaintiff,

v.

METALLGESELLSCHAFT AG,
Counterclaim Defendant,

and

Lurgi GmbH, Lurgi AG, Lurgi Corporation, Combustion Engineering, Inc., and ABB Combustion Engineering Systems, Inc., Third Party Claim Defendants.

FOSTER WHEELER ENERGY
CORPORATION, Plaintiff,

v.

METALLGESELLSCHAFT AG, Lurgi GmbH, Lurgi AG, Lurgi Corporation, Combustion Engineering, Inc. and ABB Combustion Engineering Systems, Inc., Defendants.

Civ. A. Nos. 90–383–SLR, 91–214–SLR.

United States District Court,
D. Delaware.

April 14, 1992.

Daniel F. Wolcott, Jr. of Potter Anderson & Corroon, Wilmington, Del., for Metallgesellschaft AG, Lurgi GmbH, Lurgi AG, Lurgi Corp., Combustion Engineering, Inc. and ABB Combustion Engineering Systems, Inc.; Peter F. Felfe, Alfred H. Hemingway, Jr., and Vincent M. Fazzari of Felfe & Lynch, New York City, of counsel.

Steven J. Balick of Ashby & Geddes, Wilmington, Del., for Foster Wheeler Energy Corp., Foster Wheeler Corp., Foster Wheeler Power Systems, Inc., Foster Wheeler Mt. Carmel, Inc., Foster Wheeler USA Constructors, Inc. and Foster Wheeler Development Corp.; Donald R. Dunner, Albert J. Santorelli, Esquire, and Dirk D. Thomas of Finnegan, Henderson, Farabow, Garrett & Dunner, Washington, D.C., and Marvin A. Naigur, c/o Foster Wheeler Corporation, Clinton, N.J., of counsel.

## MEMORANDUM OPINION

SUE L. ROBINSON, District Judge.

### INTRODUCTION

Because the Court is faced with a variety of motions, a recitation of the procedural history of this litigation is appropriate.

On or before July 24, 1990, Metallgesellschaft AG ("MG"), a body corporate established under the laws of the Federal Republic of Germany, brought suit against Foster Wheeler Energy Corporation ("FWEC"), a Delaware corporation, and Foster Wheeler Corporation ("FWC"), a New York corporation, alleging that said defendants have infringed and are infringing United States Letters Patent No. 4,165,717 (the "'717 patent") and U.S. Let-

ters Patent No. 4,716,856 (the "'856 patent"), which patents are owned by plaintiff MG.[1] More specifically, MG alleged in its complaint, *inter alia,* that defendants "have operated or caused to be operated facilities utilizing the processes and apparatus claimed in the '717 and '856 patents." (Docket item, "D.I.", 1, *Metallgesellschaft AG v. Foster Wheeler Power Systems, et al.,* C.A. No. 90–383, hereinafter "C.A. No. 90–383")

In its answer to the complaint, defendant FWEC denied the allegations of patent infringement and asserted as an affirmative defense that "[e]ach claim of the '717 and '856 patents is invalid and/or unenforceable...." (D.I. 10, C.A. No. 90–383) Defendant FWEC also moved to transfer; defendant FWC moved to dismiss and/or transfer for improper venue and lack of personal jurisdiction. (D.I. 11, C.A. No. 90–383) By agreement, the parties pursued discovery devoted exclusively to the issues raised by defendants' motions. (D.I. 15, C.A. No. 90–383)

In January 1991, plaintiff MG moved to amend the complaint to add five subsidiary corporations of FWC as parties defendant to the action.[2] (D.I. 29, C.A. No. 90–383) In addition to naming such additional corporations as parties defendant, plaintiff MG amended its allegations of specific patent infringing conduct:[3]

[8]*13.* On information and belief, defendants have designed, offered for sale and sold circulating fluidized bed steam generating technology [, facilities and components therefor, and/or equipment] utilizing the processes[,] *and/or* apparatus [and components therefore] claimed in the [said] *above* patents; *developed, designed, offered for sale, manufactured, provided, sold and erected equipment, components and/or facilities utilizing process and/or apparatus claimed in the above patents; operated or caused to be operated facilities utilizing the processes and/or apparatus claimed in the above patents;* and/or have induced infringement and/or have contributed to infringement of the [said] *above* patents. [and] *D*efendants will continue their infringing acts unless enjoined by this Court. [Additionally, defendants have operated or caused to be operated facilities utilizing the processes and apparatus claimed in the U.S. Patent Nos. 4,165,717 and 4,716,856 and will continue their infringing acts unless enjoined by this Court.]

Pursuant to a stipulation and order entered March 4, 1991 (D.I. 39, C.A. No. 90–383), plaintiff MG filed its amended complaint on March 7, 1991. (D.I. 41, C.A. No. 90–383)

On April 8, 1991, the Foster Wheeler defendants filed their answer to the amended complaint; they also filed a counterclaim against plaintiff MG, based on defendants' affirmative defense, seeking "a Judicial Declaration as to the invalidity and unenforceability of the '717 and '856 patents and the noninfringement thereof by" defendants. (D.I. 54, C.A. No. 90–383)

As part of the same pleading, defendant FWEC filed a "claim for patent infringement, as counterclaim and third party claim plaintiff, against counterclaim defendant MG and third party claim defendants Lurgi GmbH, Lurgi AG, Lurgi Corporation, Combustion Engineering, Inc., and ABB Combustion Engineering Systems, Inc.",[4] with respect to U.S. Patent Nos. 4,809,623 (the "'623 patent") and 4,809,625 (the "'625 patent"), of which FWEC is the lawful as-

---

1. The two MG patents relate to apparatus and methods for burning fuel such as coal to produce steam using systems known as "circulating fluidized bed" combustors (hereinafter "CFB").

2. Foster Wheeler Power Systems, Inc.; Foster Wheeler Mt. Carmel, Inc.; Foster Wheeler USA Corporation; Foster Wheeler Constructors, Inc.; and Wheeler Development Corporation. All seven "Foster Wheeler defendants" shall be collectively referred to as such.

3. Bracketed material was proposed to be deleted; underlined material was proposed to be added.

4. Defendant FWEC identified the counterclaim defendants MG, Lurgi GmbH, Lurgi AG and Lurgi Corporation as related companies; ABB Combustion Engineering Systems, Inc. was identified as the successor company to Combustion Engineering, Inc.

signee.[5] More specifically, FWEC alleged that

42. On information and belief, Combustion Engineering, Inc. and ABB Combustion Engineering Systems, Inc. have or have had agreements with one or more of the related companies Metallgesellschaft, Lurgi GmbH, Lurgi AG and Lurgi Corporation with respect to activities in the United States involving the processes and apparatuses claimed in the '623 and '625 patents.

43. On information and belief, Metallgesellschaft, Lurgi GmbH, Lurgi AG, Lurgi Corporation, Combustion Engineering, Inc., ABB Combustion Engineering Systems, Inc. individually and/or under the agreements alleged in paragraph 42, have designed, offered for sale and sold circulating fluidized bed steam generating technology utilizing the processes and/or apparatuses claimed in the '623 and '625 patents; developed, designed, offered for sale, manufactured, provided, sold and erected equipment, components and/or facilities utilizing the processes and/or apparatuses claimed in the '623 and '625 patents; operated or caused to be operated facilities utilizing the processes and/or apparatuses claimed in the '623 and '625 patents; and/or have induced infringement and/or have contributed to infringement of the '623 and '625 patents; and these acts and practices constitute infringements of the '623 and '625 patents under 35 U.S.C. § 271.

(D.I. 54, ¶¶ 42, 43, C.A. No. 90–383)

Also on April 8, 1991, FWEC filed a complaint in this Court against defendants MG, Lurgi GmbH, Lurgi AG, Lurgi Corporation, Combustion Engineering, Inc. and ABB Combustion Engineering Systems, Inc., which complaint mirrors FWEC's counterclaim and third party claim for patent infringement asserted in the lawsuit earlier filed by MG. (D.I. 1, *Foster Wheeler Energy Corporation v. Metallgesellschaft AG, et al.,* C.A. No. 91–214, hereinafter referred to as "C.A. No. 91–214")

On April 12, 1991, defendants FWEC and FWC withdrew with prejudice their motions to dismiss and for transfer in the earlier filed suit. (D.I. 57, C.A. No. 90–383)

On May 28, 1991, MG filed a reply to the Foster Wheeler defendants' counterclaim for a declaration of patent invalidity, noninfringement and nonenforceability, denying the substantive allegations thereof. (D.I. 73, C.A. No. 90–383) On that same day, MG moved to dismiss "the Foster Wheeler counterclaim for infringement of Foster Wheeler's patents for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted" (D.I. 74, C.A. No. 90–383); MG also moved to "strike and/or dismiss the Foster Wheeler counterclaim and third-party claim for patent infringement" (D.I. 75, C.A. No. 90–383).

On or about June 4, 1991, defendant Combustion Engineering, Inc. moved for expedited discovery proceedings in the later filed lawsuit. (D.I. 22, C.A. No. 91–214) Also in that case, defendants Lurgi Corporation and ABB Combustion Engineering Systems, Inc. moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. (D.I. 23, 24, C.A. No. 91–214)

On or about June 19, 1991, FWEC filed in both cases motions to consolidate Civil Action Nos. 90–383 and 91–214. (D.I. 88, C.A. No. 90–383; D.I. 34, C.A. No. 91–214) On the same day, FWEC filed in both cases motions for a protective order "to preclude examination upon oral deposition of FWEC and/or its officers, agents, attorneys or employees detailing the bases for FWEC's infringement contentions." (D.I. 89, C.A. No. 90–383; D.I. 35, C.A. No. 91–214)

On or about July 31, 1991, defendant Combustion Engineering, Inc. answered FWEC's complaint and counterclaimed for declaration of patent invalidity, noninfringement and unenforceability. (D.I. 50, C.A. No. 91–214) On or about August 8,

---

**5.** The '623 patent covers an invention entitled "Fluidized Bed Reactor and Method of Operating Same"; the '625 patent covers an invention

entitled "Method of Operating a Fluidized Bed Reactor". (D.I. 54, C.A. No. 90–383)

1991, defendants MG, Lurgi AG and Lurgi GmbH moved to dismiss FWEC's complaint pursuant to Fed.R.Civ.P. 12 for lack of personal jurisdiction, lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. (D.I. 55, C.A. No. 91–214)

On January 2, 1992, FWEC filed motions to compel discovery in both cases. (D.I. 114, C.A. No. 90–383; D.I. 68, C.A. No. 91–214) On January 8, 1992, MG responded in kind with a motion to compel. (D.I. 116, C.A. No. 90–383) FWEC filed a second motion to compel discovery on February 19, 1992. (D.I. 126, C.A. No. 90–383)

Obviously, these motions are inter-related and will be addressed *seriatim* according to the subject matter at issue.

DISCUSSION

*FWEC's Counterclaim for Patent Infringement, C.A. No. 90–383* [6]

By its procedural posturing, FWEC urges the Court to jointly adjudicate MG's patent claims against FWEC and its related companies and FWEC's patent claims against MG and its related companies. FWEC grounds its position on the fact that these patents involve related technology (i.e., CFB systems), evidence and witnesses; further, the defense of noninfringement in each case, as I understand FWEC's arguments, would require essentially the same proof as that required to affirmatively demonstrate infringement on the part of the opposing party. Thus, according to FWEC, the claims satisfy the standards governing compulsory counterclaims, permissive counterclaims and/or consolidation.

■ MG moves to dismiss FWEC's counterclaim on both procedural and substantive grounds. With respect to the former, I find that FWEC's counterclaim was timely asserted. *See Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.,* 50 F.R.D. 415, 418–19 (D.Del.1970); *Satellite Financial Planning Corp. v. First National Bank,* C.A. No. 85–463–CMW, 1987 WL 7189 at \*1, 1987 U.S. Dist. LEXIS 989 (D.Del.1987) at 2–3.[7] I also find that FWEC's right to add a counterclaim in response to MG's amended complaint included the right to add new parties without leave of court, consistent with Fed.R.Civ.P. 13(h). *See Northfield Insurance Co. v. Bender Shipbuilding & Repair Co.,* 122 F.R.D. 30, 32–3 (S.D. Alaska 1988). Rule 13(h) provides that "[p]ersons other than those made parties to the original action may be made parties to a counterclaim ... in accordance with the provisions of Rules 19 and 20." The determination of whether parties were added pursuant to Fed. R.Civ.P. 19 or 20 is related to the question of whether FWEC's counterclaim is compulsory (and, thus, the joinder of the new parties is needed for a just adjudication of the claim, pursuant to Fed.R.Civ.P. 19) or permissive (i.e., parties may be joined "if any question of law or fact common to all defendants will arise in the action", Fed. R.Civ.P. 20).

As explained in 6 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 1409 (2d Edition 1990), "[t]he division of counterclaims into those that are compulsory and those that are permissive represents an accommodation between two competing policies—the desire to adjudicate all the disputes between the parties in one action and the need to prevent lawsuits from becoming unduly complicated." *Id.* at 48. Rule 13(a) of the Federal Rules of Civil Procedure provides that a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Rule 13(b) states in pertinent part that "[a] pleading may state as a counterclaim any claim against an opposing party *not* arising out of the transaction or occurrence that is the

---

**6.** As opposed to FWEC's counterclaim for declaration of patent invalidity.

**7.** The cases cited by MG are distinguishable, involving as they do explicit waivers and/or irrevocable elections concerning the parties'

right to arbitration. *See Federated Department Stores, Inc. v. J.V.B. Industries, Inc.,* 894 F.2d 862, 870 (6th Cir.1990); *Gilmore v. Shearson/American Express, Inc.,* 811 F.2d 108, 112 (2d Cir.1987).

subject matter of the opposing party's claim." (Emphasis added)

■ The United States Court of Appeals for the Third Circuit has embraced a fairly liberal interpretation of the "transaction or occurrence" standard, establishing as "the operative question in determining if a claim is a compulsory counterclaim ... whether [the counterclaim] bears a logical relationship to an opposing party's claim." *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir.1978), citing *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir.1961). *Accord Architectural Coatings Associates Ltd. Partnership v. Applied Coatings International, Inc.*, 103 F.R.D. 442, 446 (E.D.Pa.1984). In order to determine whether a "logical relationship" exists between an opposing party's claim and a counterclaim, the court is directed to analyze several factors: 1) Are the issues in fact and law raised by the claim and counterclaim largely the same?; 2) Would *res judicata* bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule?; and 3) Will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim? 6 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 1409 (2d Edition 1990), at 52–4.

■ Reviewing the record at bar, MG's claim of patent infringement and FWEC's counterclaim of patent infringement do involve common issues of fact and law, supported or refuted by some overlapping evidence; i.e., there is some logical relationship between MG's claim and FWEC's counterclaim. Given the fact, however, that MG's and FWEC's patents are not related *per se* and that the facilities at issue as between MG's claim and FWEC's counterclaim are different, I conclude that FWEC's counterclaim is not a compulsory counterclaim, but rather is an independent claim, one that would not be barred by the doctrine of *res judicata* in a subsequent suit.

Having determined that FWEC's counterclaim is a permissive counterclaim asserted in a procedurally appropriate manner, we must address MG's substantive arguments, that FWEC's counterclaims should be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R.Civ.P. 12(b)(1), and for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). In support of its assertions, MG has submitted the declaration of Dr. Felix Liermann, who avers that MG

does not engage in any operational activities except for certain trading and financial activities in its own name.

Metallgesellschaft AG is not now and has not been offering, selling, manufacturing, designing or installing any plants utilizing circulating fluidized bed combustion technology. Such activities are independently carried out by Lurgi Energie and Umwelttechnik GmgH, a subsidiary of Lurgi AG, which in turn is a subsidiary of Metallgesellschaft AG, and these activities are carried out only in certain countries outside the U.S. With regard to the U.S., these activities were carried out by Lurgi Corporation, a subsidiary of Lurgi GmbH, but only until September 1987.

(D.I. 76 at 41–2, C.A. No. 90–383) FWEC responds that subject matter jurisdiction is established by virtue of the fact that its counterclaim of patent infringement is a properly pleaded federal question under 28 U.S.C. §§ 1331 and 1338(a).

Before addressing the parties' specific arguments, it is important to distinguish

between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings. The facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction— its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to

hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist. *Mortensen v. First Federal Savings & Loan Association*, 549 F.2d 884, 890–91 (3d Cir.1977). The Third Circuit in *Berardi v. Swanson Memorial Lodge No. 48 of Fraternal Order of Police*, 920 F.2d 198 (3d Cir.1990), has reaffirmed more recently "that a facially sufficient complaint may be dismissed before an answer is served if it can be shown by affidavits that subject matter jurisdiction is lacking", so long as the nonmoving party is given "an adequate opportunity to respond", for while "[t]rial judges enjoy substantial procedural flexibility in handling Rule 12(b)(1) motions ... 'the record must clearly establish that after jurisdiction was challenged the [nonmoving party] had an opportunity to present facts by affidavit or by deposition, or in an evidentiary hearing, in support of [its] jurisdictional contention.' " *Id.* at 200.

 Because MG has mounted a factual attack on the existence of subject matter jurisdiction, FWEC's well pleaded counterclaim is insufficient in and of itself to meet the jurisdictional challenge. I find, however, that so too is Dr. Liermann's three paragraph affidavit insufficient to support a determination as to whether this Court can assert subject matter jurisdiction over FWEC's permissive counterclaim.[8] The Court, then, is left with two options. One option is to allow another round of limited jurisdictional discovery in C.A. No. 90–383 vis.a.vis FWEC's counterclaim. *Cf. Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F.Supp. 1458 (D.Del.1991). The second option is to decline to entertain FWEC's permissive counterclaim in C.A. No. 90–

383, thus obviating the need to resolve MG's Fed.R.Civ.P. 12(b) motions in that lawsuit. I choose the latter course, for several reasons. First, I decline to further delay resolution of C.A. No. 90–383, the progress of which has been negligible since completion of the initial jurisdictional discovery phase. As significant, I conclude that the joint adjudication of MG's patent claims and FWEC's patent claims would unduly complicate the intrinsically complex factual and legal issues at bar; judicial economies can be accomplished without litigating all of the disputes between these parties in one action.[9] *Cf. Xerox Corp. v. SCM Corp.*, 576 F.2d at 1060.

For the reasons stated, MG's motion to strike and/or dismiss FWEC's counterclaim (D.I. 75, C.A. No. 90–383) is granted, and MG's motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b) (D.I. 74, C.A. No. 90–383) is denied as moot. Consistent with the above reasoning, I believe consolidation of these cases is neither necessary nor appropriate; therefore, FWEC's motions to consolidate (D.I. 88, C.A. No. 90–383; D.I. 34, C.A. No. 91–214) are denied. Fed.R.Civ.P. 42(a). *See generally Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496–97, 53 S.Ct. 721, 727–28, 77 L.Ed. 1331 (1933) ("[C]onsolidation is permitted as a matter of convenience and economy in administration. . . .").

*FWEC's Claims for Patent Infringement, C.A. No. 91–214*

 As noted above, FWEC has filed a separate lawsuit claiming that MG, Lurgi GmbH, Lurgi AG, Lurgi Corporation, Combustion Engineering, Inc. and ABB Combustion Engineering Systems, Inc. have been and are infringing FWEC's '623 and '625 patents. Defendants MG, Lurgi AG, Lurgi GmbH, Lurgi Corporation, and ABB Combustion Engineering Systems, Inc. have filed various motions to dismiss

---

**8.** I note in this regard that MG's Fed.R.Civ.P. 12(b)(6) motion was converted to a Fed.R.Civ.P. 56 summary judgment motion by virtue of Dr. Liermann's affidavit. Summary judgment cannot be entered unless the nonmoving party has been given the opportunity to pursue discovery in connection with the issues addressed by the summary judgment motion. *Cf. Cooley v. Penn-*

*sylvania Housing Finance Agency*, 830 F.2d 469, 474 (3d Cir.1987).

**9.** For instance, tandem discovery and/or trials can be scheduled in both cases in order to minimize duplicative efforts and use of resources.

**560**

pursuant to Fed.R.Civ.P. 12. (D.I. 23, 24, 55, C.A. No. 91–214) In support of said motions, these defendants have each filed an affidavit denying any activities which could possibly be construed as infringing the '623 and '625 patents. (D.I. 27, A6–8; D.I. 56, Exs. 1, 2) FWEC argues in response that, in the absence of any meaningful discovery, defendants' motions to dismiss are premature. (D.I. 36, 57)

Under the circumstances at bar, where "the jurisdictional facts that must be established are those that give rise to a civil action relating to patents", *Metallgesellschaft AG v. Door–Oliver Inc.*, C.A. No. 86–232–JRR (D.Del. September 28, 1987), slip op. at 6 (D.I. 36, Ex. A), I agree that resolution of defendants' 12(b) motions on the record at bar is inappropriate. The defendants' motions, therefore, are denied without prejudice to renew at the conclusion of an expedited period for jurisdictional discovery which shall be addressed more fully at a joint discovery and scheduling conference to be held on May 1, 1992.

### Discovery Disputes

Consistent with my decision above to dismiss FWEC's counterclaim for patent infringement in C.A. No. 90–383, the following motions are denied as moot: FWEC's motion for protective order (D.I. 89, C.A. No. 90–383) and FWEC's first motion to compel discovery (D.I. 114, C.A. No. 90–383).

With respect to the remaining discovery disputes (D.I. 116 and 126, C.A. No. 90–383; D.I. 22, 35 and 68, C.A. No. 91–214), I am going to reserve judgment on said disputes pending the joint discovery and scheduling conference to be held on Friday, May 1, 1992 at 10:00 a.m. in Courtroom # 3, 6th Floor, Federal Building, 844 King Street, Wilmington, Delaware. The parties should come to the conference prepared to address: 1) expedited scheduling pursuant to Fed.R.Civ.P. 16, consistent with the Civil Justice Reform Act of 1990 and this Memorandum Opinion; and 2) the merits of the outstanding discovery disputes, with a mind toward resolving said disputes without further judicial intervention.

## CONCLUSION

For the reasons stated, FWEC's counterclaim is dismissed, FWEC's motions to consolidate are denied, and the remaining disputes shall be addressed at the May 1, 1992 discovery and scheduling conference.

An Order consistent with this Memorandum Opinion shall issue.