958 F.2d 836
 22 Fed.R.Serv.3d 493
 COSTELLO, PORTER, HILL, HEISTERKAMP & BUSHNELL, a South
Dakota Partnership, Appellee,
v.
PROVIDERS FIDELITY LIFE INSURANCE COMPANY, a Pennsylvania
Corporation, Appellant.
COSTELLO, PORTER, HILL, HEISTERKAMP & BUSHNELL, a South
Dakota Partnership, Appellee,
v.
PROVIDERS FIDELITY LIFE INSURANCE COMPANY, a Pennsylvania
Corporation, Appellant.
 Nos. 91-1435, 91-2295.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 18, 1991.
Decided March 11, 1992.
Rehearing and Rehearing En Banc
Denied April 23, 1992.
 
 Franklin Jay Wallahan, Rapid City, S.D., argued, for appellant.
 Thomas E. Simmonhs, Rapid City, S.D., argued (Mark F. Marshall, on the brief), for appellee.
 Before LAY,* Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.
 LAY, Chief Judge.
 
 
 1
 These appeals involve whether summary judgment was properly entered for Costello, Porter, Hill, Heisterkamp & Bushnell (Costello), a law firm, on an account stated for attorney fees. Costello brought suit against Providers Fidelity Life Insurance Company (Providers) to collect legal fees arising from Costello's defense of Providers in an action which resulted in a thirteen million dollar judgment against Providers. In its answer, Providers stated that there was no understanding or agreement with regard to the alleged indebtedness and that the legal services rendered by the law firm were of "no value." The answer also stated that the plaintiff may well have been guilty of legal malpractice.[1] The answer pled failure of consideration or, in the alternative, that the services performed were not correctly valued at the billed rate.
 
 
 2
 Costello served interrogatories and requests for admissions of fact on Providers. Providers timely responded. Providers then served interrogatories on the plaintiff. Costello promptly sought a protective order from answering the interrogatories and simultaneously filed a motion for summary judgment against Providers. Providers then noticed the taking of depositions of the Costello attorneys who had performed the services for Providers in the underlying case and served them with subpoenas duces tecum. Counsel for Providers also filed an affidavit for continuance of a hearing on plaintiff's motion for summary judgment until a reasonable time could pass and defendant could prepare a supporting brief. Costello again received a protective order and asked for an expedited hearing on the summary judgment. The day before the depositions were to be taken, the trial court issued a stay order and scheduled a hearing the next day on all pending motions. At the hearing, the trial court granted Costello's motion for summary judgment on the grounds that there existed no genuine issue of material fact and that the moving party was entitled to a summary judgment as a matter of law. We reverse.
 
 No. 91-1435
 
 3
 The trial court prematurely granted summary judgment. The trial court found that the proposed discovery went to plaintiff's possible counterclaim on the malpractice claim and was not directed at the plaintiff's complaint. Such a literal interpretation places form over substance.[2] Although one might reasonably interpret defendant's request for discovery to be so limited, we find that the affidavit provided by the president of Providers in which he asserted that the services rendered by Costello were of "no value," although conclusory in form, sufficiently notified the court and the parties that defendant's discovery was directed to the issue of value.[3]
 
 
 4
 Plaintiff's failure to respond to defendant's initial request for discovery also militates against granting summary judgment on the issue of reasonable value. Providers asserts in its defense to Costello's complaint that the legal services it provided had no value. Providers must adduce evidence to support its assertion in order for it to defeat Costello's summary judgment motion. See J.V. Edeskuty & Assoc. v. Jacksonville Kraft Paper Co., 702 F.Supp. 741 (D.Minn.1988) (absent a showing that service or work is incompetent or unprofessional, recovery on an account stated is not precluded and summary judgment may be awarded). The instant case presents a situation in which the information needed by defendant to respond to plaintiff's summary judgment motion is likely to be in the sole possession of the plaintiff. As this court has pointed out, the "[r]elative availability of evidence to the parties is a circumstance to be considered in determining what should be required for making a submissible case." Spencer v. Kroger, 941 F.2d 699, 704 (8th Cir.1991) (quoting Sheil v. T.G. & Y. Stores Co., 781 S.W.2d 778 (Mo.1989)). Providers' defense against Costello's claim of value on the stated account necessarily rises and falls on what its discovery will disclose, to wit, whether the plaintiff was guilty of legal malpractice and its services of no value. Although we appreciate that summary judgment can be an effective device to protect parties from burdensome discovery, it is not fair to tie the only hand a party has to defend itself. See Spencer v. Kroger, 941 F.2d 699 (8th Cir.1991) (plaintiff successfully resisted summary judgment claiming, among other things, that previously filed discovery requests remained unanswered, and that plaintiff requested a continuance to complete discovery); Schering Corp. v. Home Ins. Co., 712 F.2d 4, 10 (2d Cir.1983) (summary judgment should not be granted while opposing party timely seeks discovery of potentially favorable information). The rule is clearly set forth in Anderson v. Liberty Lobby, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986): "[T]he [non-movant] must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the [movant] as long as the [non-movant] has had a full opportunity to conduct discovery." Anderson, 477 U.S. at 257, 106 S.Ct. at 2514. The Supreme Court has been careful to state that the rules regarding the proper opposition to a summary judgment motion apply only after adequate time for discovery has been allowed. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Summary judgment is inappropriate until Providers has had an adequate opportunity to conduct discovery. If, after discovery has been completed, sufficient facts cannot be adduced to support a genuine dispute concerning a fact material to plaintiff's claim, then the court may once again entertain Costello's motion for summary judgment.
 
 
 5
 Providers sought and was denied leave to amend its pleadings by introducing a counterclaim, which it alleges to be compulsory under Federal Rule of Civil Procedure 13(a). The counterclaim would have asserted that plaintiff is liable to defendant for legal malpractice in performance of its services. Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." In view of the liberality of rules relating to the amendment of pleadings under Federal Rule of Civil Procedure 15(a), and in view of our remand for further discovery before ruling on the summary judgment, we believe it would be unduly prejudicial not to allow the defendant to amend its answer to include its counterclaim. Defendant should be given the opportunity to test its claims on the merits. Asay v. Hallmark Cards, Inc., 594 F.2d 692 (8th Cir.1979). "Only limited circumstances justify a district court's refusal to grant leave to amend pleadings: Undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir.1987) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). None of those circumstances is present here. The rules of amendment contemplated by rule 15(a) should apply here, where the claim to be added by amendment is likely a compulsory counterclaim and denial of amendment would work an injustice.[4]
 
 
 6
 As indicated earlier, Providers' proposed counterclaim is directly related to the same nucleus of operative facts growing out of the services upon which the plaintiff's claim is based. Further discovery will demonstrate whether there exists a genuine issue of fact as to the proffered defense to the claim stated, to wit, failure of consideration by reason of the alleged malpractice of plaintiff's counsel. If there exists no genuine issue of material fact as to the alleged malpractice, defendant acknowledges it may face rule 11 sanctions as well as encounter a final entry of summary judgment in favor of plaintiff. Permitting Providers to amend its answer to assert a compulsory counterclaim does not prejudice plaintiff's motion, whereas denying Providers leave to amend to assert a compulsory counterclaim and an opportunity to conduct discovery could well be prejudicial to the defendant. Thus, on remand, we hold that Providers should be allowed to move to amend its pleadings.
 
 No. 91-2295
 
 7
 After entry of summary judgment, Providers filed a motion pursuant to Federal Rule of Civil Procedure 60(b) in the district court seeking to vacate the summary judgment and to allow Providers' oral motion to amend its answer by filing its counterclaim.[5] The district court denied the motion. After entry of summary judgment for Costello, the defendant immediately filed its notice of appeal on the summary judgment. Providers also filed a separate appeal on the rule 60(b) motion. We deny Providers' 60(b) motion and find no abuse of discretion by the trial court which, in its ruling denying the 60(b) motion, acknowledged the pendency of the defendant's appeal of the grant of summary judgment. Providers' 60(b) motion has essentially duplicated issues raised and briefs submitted in the original appeal. We find the filing of the 60(b) motion and the appeal therefrom to be frivolous. We therefore award sanctions against Providers and require it to pay $2,500 plus costs to plaintiff's attorneys for attorney fees necessitated by Providers' 60(b) appeal.
 
 Conclusion
 
 8
 Judgment reversed and remanded under No. 91-1435 in accord with this opinion. Costs awarded to defendant.
 
 
 9
 Judgment affirmed under No. 91-2295; attorney fees and costs awarded to plaintiff.
 
 
 
 *
 The HONORABLE DONALD P. LAY was Chief Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted and took senior status on January 7, 1992, before the opinion was filed
 
 
 [1]
 The answer did not comply with the federal rules of civil procedure that pleadings be "simple, concise, and direct." See Fed.R.Civ.P. 8(e)(1). Providers' answer ineptly stated that it did not contain a counterclaim but that a reasonable inquiry was underway and that a motion for leave to amend to include a counterclaim for negligence or malpractice might be made upon completion of that inquiry
 
 
 [2]
 In his affidavit for continuance for discovery, counsel for Providers alleged:
 That your affiant has personally conducted an investigation into the facts surrounding the performance of services by the plaintiff to the defendant in the underlying action of "Holzer v. Providers Fidelity Life Insurance Company," and has concluded that the services rendered by the plaintiff for which payment is sought by plaintiff's Complaint herein were of no value in that they were negligently rendered and that said negligence proximately caused or contributed to causing the adverse verdict against the Defendant Providers in the "Holzer" action; however, your affiant is unable to act as a lawyer for the defendant and a witness for the defendant and therefore your affiant intends to engage in discovery in this action through the use of interrogatories and the taking of depositions, so as to prove the lack of value of plaintiff's services through sworn answers to interrogatories, sworn deposition testimony and the employment of an outside expert or expert witnesses.
 Affidavit of Franklin J. Wallahan p VI. This affidavit on its face sufficiently complies with Federal Rule of Civil Procedure 56(f). A rule 56(f) motion need only show "how additional discovery would preclude summary judgment and why a party cannot immediately provide specific facts demonstrating a genuine issue of material fact." See Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 524 (9th Cir.1989).
 
 
 [3]
 In his affidavit in support of Providers' rule 56(f) motion, Harry Dozer, president of Providers, stated that
 III. ... [P]laintiff's billings, mentioned in plaintiff's Complaint herein, have not been paid because I, as president of Providers, do not believe the services rendered have any value because ...
 IV. ... I requested Attorneys Bushnell and Meyers to call certain witnesses to the stand ... [and] said attorneys ignored my request and neither produced nor attempted to produce such countervailing testimony. Additionally, during the trial Holzer [plaintiff in the underlying case] presented testimony with regard to the finances and net worth of Providers, which testimony I advised said attorneys was incorrect; I requested said attorneys to call me or other knowledgeable persons to the stand during Providers' case to counteract such testimony, but the attorneys failed to do so. That I believe the foregoing actions of [Costello] in [the Holzer case] caused or contributed to causing the adverse verdict against Providers, or the substantial size thereof, and that the services rendered by plaintiff to Providers which are the subject of this pending lawsuit had and have no value.
 V. On behalf of Providers, I have retained [counsel] to not only defend the claim against Providers ... but also to investigate a possible legal malpractice counterclaim against plaintiff.
 VI. Without waiving any attorney-client privilege ... and for the purposes of Providers' Motion for Continuance Under Rule 56(f) only, I have been advised by [counsel] that under Rule 11 of the Federal Rules of Civil Procedure a [counterclaim of malpractice] may be properly made only after a reasonable inquiry and satisfaction that the claim is well-grounded in fact; he has also informed me that a meritorious defense exists against the plaintiff's claim for "value" of the services rendered, and that a meritorious legal malpractice action against plaintiff may also exist, but that (under Rule 11) before the legal malpractice action may properly be pleaded as a counterclaim, discovery, through reasonable inquiries in interrogatories and depositions ought to be made and answers thereto ought to be obtained.
 
 
 [4]
 A compulsory counterclaim is one arising "out of the same transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(a). The phrase "transaction or occurrence" has been given a broad interpretation and may include a series of occurrences, depending on their logical relationship. See Moore v. New York Cotton Exch., 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926). Obviously, a relevant relationship exists between the services billed by Costello and any claim Providers would assert that those services were negligently provided
 
 
 [5]
 This court refused to remand the original appeal to allow plaintiff to present the motion to the trial court as part of the original case so that it could be made part of the original appeal