**Luther ARTIS, Plaintiff,**

v.

**UNITED STATES INDUSTRY and International Association of Machinists and Aerospace Workers and Hitachi–Zosen Clearing, Inc., Defendants.**

No. 85 C 10116.

United States District Court,
N.D. Illinois, E.D.

Oct. 20, 1992.

See also 720 F.Supp. 105.

Miriam N. Geraghty, James R. Potter, Kinoy, Taren, Geraghty & Potter, Chicago, Ill., for Luther Artis.

Max G. Brittain, Jr., John J. Murphy, Jr., Kovar, Nelson, Brittain, Sledz & Morris, Chicago, Ill., for U.S. Industry and Intern. Ass'n.

Marian Conroy Haney, Elise Anne Elconin, Seyfarth, Shaw, Fairweather & Geraldson, William A. Widmer, III, Carmell, Charone, Widmer, Mathews & Moss, Chicago, Ill., for Hitachi-Zosen Clearing Inc.

### MEMORANDUM AND ORDER

MORAN, Chief Judge.

Plaintiff prevailed at trial in December 1989.  In September 1990, this court

---

awarded fees, including a 25 percent enhancement. That enhancement was in accord with the then conventional wisdom that Justice O'Connor's concurring opinion in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987) (Delaware II), was controlling because it was the fifth vote necessary for the judgment in that case. If defendants had not appealed, the judgment for fees would, presumably, have long since been paid and this case would be history. But they did appeal on a variety of grounds, not including, however, the enhancement. The appeal was argued on September 27, 1991.

On June 25, 1992, the Supreme Court ruled in *City of Burlington v. Dague*, ——— U.S. ———, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992), that enhancements were not permitted, thus rejecting Justice O'Connor's approach. The court of appeals affirmed this court's judgment on July 9, 1992, and rehearing was denied on August 18, 1992. The mandate, however, was stayed until September 10, 1992, while defendants considered whether they would petition for *certiorari*. On September 3, 1992, defendants moved to vacate the 25 percent enhancement. That motion is now denied.

■ This court has jurisdiction to entertain the motion even though the court of appeals has now issued its mandate affirming this court's prior judgment. *LSLJ Partnership v. Frito–Lay, Inc.*, 920 F.2d 476 (7th Cir.1990). A change in applicable law after judgment (and the time to appeal) is, however, ordinarily not by itself enough to justify upsetting the finality of that judgment, *McKnight v. United States*, 726 F.2d 333 (7th Cir.1984), although perhaps it can be. *Polites v. United States*, 364 U.S. 426, 81 S.Ct. 202, 5 L.Ed.2d 173 (1960). There must be a showing of exceptional circumstances, *Peacock v. Board of School Commissioners of Indianapolis*, 721 F.2d 210 (7th Cir.1983), such as a grievous wrong or a conflict with altered statutory objectives, *System Federation No. 91 v. Wright*, 364 U.S. 642, 81 S.Ct. 368, 5 L.Ed.2d 349 (1961), *Ferrell v. Pierce*, 743 F.2d 454 (7th Cir.1984), or unique factual circumstances, *Watson v. Symons Corp.*, 121 F.R.D. 351 (N.D.Ill.1988). A Rule 60(b) motion is not, of course, a substitute for an appeal.

■ The defendants chose not to appeal the enhancement, perhaps because they could not have expected success on that issue in the court of appeals and had more persuasive issues to advance there. That was, however, a tactical choice; appeal was not necessarily an exercise in futility since *Delaware II* depended on a single justice and the composition of the Court had thereafter changed. The failure to appeal would not, however, foreclose Rule 60(b) relief if the circumstances for relief were sufficiently compelling. They are not.

Here neither status nor future conduct will be affected by the judgment respecting fees. A defendant has not been convicted for conduct that may not have been a crime. If the fee judgment had been paid there would not be any motion. It was not paid solely because the substantive liability issue was on appeal. The judgment was entered over two years ago. Should plaintiff now seek additional fees we might well factor in the circumstance that his counsel obtained more in fees than present law would authorize. But we do not believe that the circumstances here are so exceptional as to justify revisiting the 1990 fees judgment.