**GEISINGER MEDICAL CENTER, Plaintiff,**

v.

**Andrew F. GOUGH, Lynne A. Gough, Defendants.**

**Civ. A. No. 1:CV–94–634.**

United States District Court, M.D. Pennsylvania.

Nov. 9, 1994.

---

**468**

Robert E. Kelly, Jr., Brian William Bisignani, Duane, Morris & Heckscher, Harrisburg, PA, for Geisinger Medical Center.

J. David Smith, McCormick Reeder Nichols Sarno Bahl & Knecht, Williamsport, PA, for Andrew F. Gough, Lynne A. Gough.

## MEMORANDUM

CALDWELL, District Judge.

### I. *Introduction and Background.*

The plaintiff, Geisinger Medical Center ("Geisinger"), a Pennsylvania corporation, filed this lawsuit on May 2, 1994, against the defendants, Andrew Gough and Lynne Gough, husband and wife and Canadian citizens, to recover sums due for services rendered. The medical services were rendered to Andrew Gough during May and June of 1992. The defendants filed an answer setting forth a counterclaim for medical malpractice. The answer also asserted the malpractice as a defense in whole or in part to the plaintiff's claim.

Pursuant to Fed.R.Civ.P. 12(b) and 12(f), Geisinger has moved to dismiss the counterclaim. In the alternative, plaintiff seeks a more definite statement under Fed.R.Civ.P. 12(e). The plaintiff's motion argues that the counterclaim violates Fed.R.Civ.P. 11 because the defendants admit in their pleading that they do not know whether it is true or not and that they need investigation and discovery to determine if it is valid.

The relevant paragraphs of the counterclaim are as follows:

16. The defendants believe that, after a reasonable opportunity for further investigation and discovery, the evidence will show that, during plaintiff's treatment of defendant Andrew Gough, plaintiff performed surgery during which Andrew Gough's Achilles' (sic) tendon was severed, unnecessarily, inexplicably and carelessly.

17. If such a surgical misadventure occurred, Andrew Gough and Lynne Gough suffered compensable personal injuries.

18. If such a surgical misadventure occurred, Andrew Gough and Lynne Gough incurred additional and unnecessary medical services for which plaintiff (sic) now seeks recovery and which should be set off against any claim by plaintiff.

### II. *Discussion.*

### A. *Motion to Dismiss.*

Plaintiff argues that this hypothetical counterclaim does not satisfy Rule 11 which generally requires that an attorney conduct "an inquiry reasonable under the circumstances" to determine that "the allegations and other factual contentions [in a pleading] have evidentiary support...." Fed.R.Civ.P. 11(b)(3) (brackets added). Geisinger contends that under this Rule the defendants simply cannot aver that—if it turns out that they have a medical malpractice claim—they are entitled to set it off against the claim for unpaid bills. Rather, the defendants must have a reasonable basis for the claim before pleading it. The plaintiff further argues that defendants cannot resort to Fed.R.Civ.P. 8(e)(2), which allows alternative or hypotheti-

cal pleading, because that Rule requires compliance with Rule 11.

In opposition, the defendants make two main arguments. First, they assert that, in light of the 1993 amendment to Rule 11, their counterclaim is adequately pled. Rule 11 now allows a lawyer to make allegations that he does not know to have a reasonable factual basis as long as he specifically identifies those allegations and asserts that they are "likely to have evidentiary support after a reasonable opportunity for further investigation or discovery...." Fed.R.Civ.P. 11(b)(3). The defendants argue that the above-quoted averments comply with this requirement and are therefore proper.

Second, they argue that their medical malpractice claim is a compulsory counterclaim under Fed.R.Civ.P. 13(a) to the plaintiff's claim for unpaid medical bills. As such, they had no choice but to raise it in their answer or be permanently barred from pursuing it. As further support for their decision they assert that, while they did not have time to secure an expert's report before filing their answer, they did rely on what one of Andrew Gough's treating physicians told them about his treatment.

In reply, the plaintiff contends, without citation to authority, that the counterclaim is not a compulsory one. It also argues that the defendants should have investigated their potential malpractice claim in the two years since Andrew Gough's hospitalization. If they had done so, they would have been in a position to plead their claim with certainty or to decide not to pursue it, instead of being forced to make it in an equivocal manner.

■ We reject the defendants' interpretation of the 1993 amendment to Rule 11 as giving them a general license to plead a claim first and then allowing them to conduct the necessary investigation in support of it. The amendment's intended effect is for more limited in scope. "Tolerance of factual contentions in initial pleadings by plaintiffs or defendants does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances; it is not a license to join parties, make claims or present defenses without any factual basis or justification." Fed.R.Civ.P. 11, 1993 advisory committee's note. However, we need not explore whether the greater flexibility granted pleaders in the 1993 amendment aids the defendants here because we agree with the defendants that their counterclaim is compulsory and that the compulsory nature of the claim required them to plead it in their answer, even though they may not have had sufficient evidentiary support for it at the time.

A counterclaim is compulsory if it "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim...." Fed.R.Civ.P. 13(a). In interpreting this Rule, the Third Circuit has stated that the "operative question in determining if a claim is a compulsory counterclaim is whether it bears a logical relationship to an opposing party's claim." *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir.1978) (citing *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir.1961)). Such a relationship will be found if "separate trials of the claims would involve a substantial duplication of effort and time by the parties and the courts;" the claims "involve many of the same factual and legal issues or the same factual and legal issues;" and the claims "are offshoots of the same basic controversy between the parties." *Xerox Corp.*, 576 F.2d at 1059 (quoting *Great Lakes*, 286 F.2d at 634). *Accord Metallgesellschaft AG v. Foster Wheeler Energy Corp.*, 143 F.R.D. 553, 558 (D.Del.1992).

■ Under this analysis, the defendants' medical malpractice claim is a compulsory counterclaim to the plaintiff's claim for unpaid medical bills. In pursuit of that counterclaim, the defendants will be attempting to prove that the care Andrew Gough received failed to meet a reasonable standard of care; in essence, attempting to prove that the plaintiff failed to perform its contractual obligations, a well established defense to an action for breach of contract. *See, e.g., Ott v. Buehler Lumber Co.*, 373 Pa.Super. 515, 541 A.2d 1143 (1988).[1] Indeed, their claim of

1. We recognize that the parties have not addressed the choice-of-law issue, but we cite Pennsylvania law anyway because the question pre-

medical malpractice has been set forth as a separate defense. The counterclaim is thus an offshoot of the same basic controversy as the plaintiff's claim and necessarily involves common issues of law and fact that would require duplicative effort if tried in a separate action.

Other courts have reached the same conclusion in the same or similar circumstances. *See In re McCoy,* 373 F.Supp. 870, 873 (W.D.Tex.1974) (a medical malpractice counterclaim is compulsory in a suit for unpaid medical bills arising from the same treatment); *Law Offices of Jerris Leonard, P.C. v. Mideast Systems, Ltd.,* 111 F.R.D. 359 (D.D.C.1986) (legal malpractice claim is compulsory counterclaim in a suit to collect unpaid legal bills for the services giving rise to the malpractice claim); *Computone Corp. v. Derieux,* 1994 WL 29594, at *3 n. 5 (E.D.Pa. 1994) (dicta).

█ A compulsory counterclaim must be asserted in the answer or a defendant will be barred from litigating it. *See Olympia Hotels Corp. v. Johnson Wax Development Corp.,* 908 F.2d 1363 (7th Cir.1990); *Technographics, Inc. v. Mercer Corp.,* 142 F.R.D. 429 (M.D.Pa.1992). Because of the force of circumstances the defendants thus properly raised the counterclaim even though they did not know whether they had a cause of action.

In this regard, we reject the plaintiff's argument that the defendants should have been spending the last two years investigating their claim. While that would have been the wiser course, unless the plaintiff is willing to argue that the statute of limitations bars the counterclaim, the defendants are entitled under the law to be as dilatory in pursuing their claim as they wish.

We base our ruling on *Costello, Porter, Hill, Heisterkamp & Bushnell v.· Providers Fidelity Life Insurance Co.,* 958 F.2d 836 (8th Cir.1992). In *Costello,* the Eighth Circuit decided that the defendant should have been allowed to amend its answer to assert a compulsory counterclaim even though the defendant would have had to conduct discovery to determine if there was evidentiary support for the claim. The plaintiff law firm had

sented appears to be a basic one that would not

sued for unpaid legal fees and the defendant had filed an answer asserting a defense of the plaintiff's failure to perform because of legal malpractice. The answer also mentioned that the defendant intended to seek leave to file a counterclaim once it had conducted a reasonable inquiry. The district court entered summary judgment in favor of the plaintiff after deciding that discovery into the malpractice allegations was irrelevant. The court also denied leave to amend the defendant's answer to allow a counterclaim.

On appeal, the Eighth Circuit reversed both rulings. It held that the discovery was relevant to a defense that the services provided were of no value. Hence, summary judgment on the plaintiff's claim was premature. In regard to the counterclaim, the court of appeals stated:

> In view of the liberality of rules relating to the amendment of pleadings under Federal Rule of Civil Procedure 15(a), and in view of our remand for further discovery before ruling on the summary judgment, we believe it would be unduly prejudicial not to allow the defendant to amend its answer to include its counterclaim. Defendant should be given the opportunity to test its claims on the merits. *Asay v. Hallmark Cards, Inc.,* 594 F.2d 692 (8th Cir.1979).

958 F.2d at 839.

The court was also impressed by the compulsory nature of the claim:

> The rules of amendment contemplated by rule 15(a) should apply here, where the claim to be added by amendment is likely a compulsory counterclaim and denial of amendment would work an injustice.

*Id.* at 839 (footnote omitted).

It concluded as follows:

> As indicated earlier, Providers' proposed counterclaim is directly related to the same nucleus of operative facts growing out of the services upon which the plaintiff's claim is based. Further discovery will demonstrate whether there exists a genuine issue of fact as to the proffered defense to the claim stated, to wit, failure of consideration by reason of the alleged

differ between jurisdictions.

malpractice of plaintiff's counsel. If there exists no genuine issue of material fact as to the alleged malpractice, defendant acknowledges it may face rule 11 sanctions as well as encounter a final entry of summary judgment in favor of plaintiff. Permitting Providers to amend its answer to assert a compulsory counterclaim does not prejudice plaintiff's motion, whereas denying Providers leave to amend to assert a compulsory counterclaim and an opportunity to conduct discovery could well be prejudicial to the defendant. Thus, on remand, we hold that Providers should be allowed to move to amend its pleadings. *Id.* at 839–40.

The circumstances here are materially the same.[2] The defendants have asserted the medical malpractice as a defense to Geisinger's claim. Thus, discovery will proceed on the medical malpractice issue in any event, and to dismiss the counterclaim would simply prejudice the defendants.

Finally, we note that the defendant in *Costello* admitted that it might face Rule 11 sanctions if it could not produce evidence of legal malpractice, while in the instant case, the defendants do not concede that their counterclaim could ever be improper under that Rule. We need not decide at this time whether the counterclaim violates Rule 11. Our only decision now is that the defendants should at least be allowed to pursue it. We do believe, however, that if the defendants eventually produce evidentiary support for the claim, there would be no Rule 11 violation.

B. *Motion For a More Definite Statement.*

 The plaintiff alternatively argues that if defendants' hypothetical counterclaim is permissible, the counterclaim has not been plead with the requisite specificity to allow plaintiff to prepare a proper answer. We reject this contention as well.

"Motions for more definite statements are not viewed with favor and are to be granted only if the allegations contained in the plead-

ing are so vague that defendant cannot reasonably be expected to frame a response to it." *Pitcavage v. Mastercraft Boat Co.*, 632 F.Supp. 842, 850 (M.D.Pa.1985). Here, defendants have alleged that a "surgical misadventure" may have occurred during Andrew Gough's hospitalization that unnecessarily severed his Achilles tendon. The plaintiff can intelligently admit or deny this allegation.

We will issue an appropriate order.

---

2. The only difference is the procedural posture of the cases. However, if the Eighth Circuit thought that the amendment should have been

allowed, it surely would conclude that the counterclaim would have been proper in the first instance.