52 F.3d 333
 1995-1 Trade Cases P 70,961
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GLAD-A-WAY GARDENS, INC. Plaintiff-Appellant,
v.
LYNN MAYER'S GREAT LAKES GLADS, INC. Defendant-Appellee.
 No. 93-16667.
 United States Court of Appeals, Ninth Circuit.
 Argued March 27, 1995.*
Decided April 6, 1995.
 
 Before: CHOY, CANBY, and NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Glad-A-Way Gardens, Inc. ("Glad-A-Way"), a California gladiolus grower and seller, brought this action against Lynn Mayer's Great Lakes Glads, Inc. ("Lynn Mayer"), a Michigan incorporated and based competitor, alleging that in 1991 and 1992 Lynn Mayer sold gladioli below its cost to California customers for the purpose of injuring competitors or destroying competition in violation of the California Unfair Practices Act, Cal.Bus. & Prof.Code Sec. 17043. Glad-A-Way sought to enjoin Lynn Mayer from selling gladiolus flowers below cost in California and sought treble damages, reasonable attorney's fees and litigation costs.[1]
 
 
 3
 After only minimal discovery had taken place, the district court granted Lynn Mayer's motion for summary judgment. Glad-A-Way appeals this ruling on two grounds. It contends (1) the district court abused its discretion by denying Glad-A-Way's Rule 56(f) request for further discovery and therefore granted summary judgment prematurely; and (2) the district court erroneously relied on inadmissible summaries evidence in granting summary judgment.
 
 
 4
 After a careful review of the record, we agree that the district court abused its discretion when it denied Glad-A-Way's Rule 56(f) motion. We therefore reverse the district court's decision so holding. We need we need not reach the question of inadmissible summaries evidence.
 
 I.
 
 5
 In support of its summary judgment motion, Lynn Mayer's representatives denied that Lynn Mayer ever sold gladiolus flowers below cost in California, with the exception of spoiled flowers as California law permits. Lynn Mayer provided summaries created by its employees Riley and Ratkowski which purport to state Lynn Mayer's costs and sales for 1991 and 1992. No underlying documentation was made available either to the court or to Glad-A-Way. Ratkowski asserts that based on these summaries, Lynn Mayer's actual cost per gladiolus stem was $.1504 in 1991 and $.1488 in 1992, including transportation costs to California.
 
 
 6
 Lynn Mayer also proffered excerpts of reports prepared by the National Agricultural Statistics Service ("NASS") for the United States Department of Agriculture. Titled "Floriculture Crops Summar[ies]," these reports summarize average wholesale prices for gladiolus flowers on a state by state basis, based upon a survey conducted by the NASS. The reports reveal that average wholesale gladiolus prices in Michigan are relatively low.
 
 
 7
 Finally, Lynn Mayer submitted brief affidavits from six Michigan gladiolus growers to corroborate the notion that cost of growing gladioli in Michigan is low, and presumably to establish that Lynn Mayer's cost of production was as stated in the summaries and affidavits of Lynn Mayer's employees. These growers include D. Lynn Mayer's father, uncle and brother.
 
 
 8
 To its opposition to summary judgment, Glad-A-Way's counsel attached a "Rule 56(f) Declaration," explaining that it was unable to adequately respond to the motion because the court had severely limited its access to information essential to its opposition, and requesting a continuance for further discovery pursuant to Federal Rule of Civil Procedure 56(f). Civil Docket No. 35 (sealed by court order). To the extent possible, Glad-A-Way attacked the accuracy and validity of the summaries and reports Lynn Mayer submitted.
 
 
 9
 The district court granted summary judgment against Glad-A-Way, concluding that Glad-A-Way had failed to meet the requirements of Fed.R.Civ.P. 56(f) for a continuance to allow further discovery, and failed to come forward with sufficient evidence to oppose the motion: "[b]eyond its own conclusory allegations, Glad-A-Way has failed to provide significant probative evidence of below-cost sales by Lynn Mayer. Rather, Glad-A-Way has attempted to unearth infirmities in defendant's evidence." Summary Judgment Order at 14.
 
 
 10
 Invoking the image of a "Catch-22," Glad-A-Way contends on appeal that the district court created this untenable state of affairs by precluding it from obtaining any meaningful discovery; although Glad-A-Way's discovery requests remained unanswered and it had been prohibited from taking any depositions or subpoenaing third party witnesses, the district court denied Glad-A-Way's motion under Fed.R.Civ.P. 56(f) for discovery. In response, Lynn Mayer characterizes Glad-A-Way's lawsuit as a "fishing expedition" into its business records and responds that Glad-A-Way's Rule 56(f) motion was properly denied because Glad-A-Way had failed to conduct an adequate prefiling investigation pursuant to Fed.R.Civ.P. 11.
 
 II.
 
 11
 We review the district court's denial of Glad-A-Way's Rule 56(f) motion for an abuse of discretion. Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir.1987).
 
 
 12
 Under Rule 56(f), the district court may deny a summary judgment motion, or continue the hearing on the motion, where the nonmoving party "cannot for reasons stated present by affidavit facts essential to justify the party's opposition...." Fed.R.Civ.P. 56(f). Pursuant to this rule, summary judgment is to be refused "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5 (1986). As this court has held:
 
 
 13
 Appellants should be afforded reasonable access to potentially favorable information prior to the granting of summary judgment, because on summary judgment all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the summary judgment motion.
 
 
 14
 Texas Partners v. Conrock Co., 685 F.2d 1116, 1119 (9th Cir.1982), cert. dismissed, 460 U.S. 1029 (1983) (citations omitted); see also Program Eng'g, Inc. v. Triangle Publications, Inc., 634 F.2d 1188, 1193 (9th Cir.1980) ("Generally where a party has had no previous opportunity to develop evidence and the evidence is crucial to material issues in the case, discovery should be allowed before the trial court rules on a motion for summary judgment.").
 
 
 15
 The discussion of access to discovery in Anderson, Texas Partners, and Program Engineering leads to the inexorable conclusion that discovery should have been permitted in this case. Here, the trial court denied Glad-A-Way all available means of obtaining material facts central to its case--facts which were, therefore, "essential to its opposition." Anderson, 477 U.S. at 250 n. 5. The court ordered the parties to participate in the local Case Management Pilot Program and reduced the required disclosure under that program to summary form. Glad-A-Way was not permitted to (1) obtain responses to any of its discovery requests; (2) take any depositions; or (3) serve subpoenas on nonparties. Without access to these avenues for marshalling facts essential to its opposition, Glad-A-Way's hands were tied.
 
 
 16
 Glad-A-Way was able to obtain some documents that Lynn Mayer's shippers and customers produced to it voluntarily. And, using these documents, Glad-A-Way attempted to cast doubt on the accuracy and validity of Lynn Mayer's cost summaries and affidavits. For example, Glad-A-Way used Airfresh Trucking invoices to attack the validity of Lynn Mayer's reported costs. Glad-A-Way also learned about costs which it believed were not reflected in Lynn Mayer's summaries, including the fact that Lynn Mayer was seeking five million dollars in damages in an unrelated lawsuit, and that Lynn Mayer was running an operation in Mexico. Otherwise, however, Glad-A-Way had scant opportunity to evaluate the accuracy of Lynn Mayer's purported summaries.
 
 
 17
 It is particularly inappropriate to grant summary judgment where, as here, information crucial to the nonmovant's opposition is exclusively in the movant's possession and access to that information has been foreclosed. "[A] party's access to ... material is of crucial importance ... where the information is likely to be in the sole possession of the opposing party." Garrett, 818 F.2d at 1519 (quoting Patty Precision v. Brown & Sharpe Mfg. Co., 742 F.2d 1260, 1264 (10th Cir.1984)); see also Contractors Ass'n of E. Pa. v. City of Philadelphia, 945 F.2d 1260, 1263 (3d Cir.1991) ("If information concerning the facts to be discovered is solely in the possession of the movant ... 'a motion for a continuance of a motion for summary judgment for purposes of discovery should ... ordinarily be granted almost as a matter of course.' ") (quoting Ward v. United States, 471 F.2d 667, 670 (3d Cir.1973)); 10A Charles A. Wright et al., Federal Practice and Procedure Sec. 2741, at 545 (1983) ("Sufficient time for discovery is considered especially important when the relevant facts are exclusively in the control of the opposing party....").[2]
 
 
 18
 The district court was apparently satisfied that the summaries Lynn Mayer produced constituted adequate disclosure, for in dismissing Glad-A-Way's Rule 56(f) motion for further discovery, the district court appeared to require a preliminary showing that Lynn Mayer's summaries were unreliable: "Glad-A-Way fails to demonstrate that any of Lynn Mayer's sales summaries or other documents are inaccurate or misleading." Summary Judgment Order at 14. To require Glad-A-Way to establish the unreliability of Lynn Mayer's summaries while denying Glad-A-Way access to information necessary to do so is to expect the impossible.[3]
 
 
 19
 Glad-A-Way was denied a meaningful opportunity to respond to Lynn Mayer's summary judgment motion.
 
 III.
 
 20
 The district court also summarily concluded that Glad-A-Way failed to satisfy the requirements of Rule 56(f) because it "[did] not state what information it seeks." Summary Judgment Order at 13. To avail itself of Rule 56(f), a nonmoving party must make clear "what information is sought and how it would preclude summary judgment." Garrett, 818 F.2d at 1518.
 
 
 21
 Contrary to the district court's conclusion, Glad-A-Way did state what information it sought in a form that complies with the requirements of Rule 56(f). In its affidavit clearly captioned "Declaration of Anthony B. Varni Pursuant to Federal Rule of Civil Procedure 56(f) and in Support of Glad-A-Way Garden's Opposition to Mayer's 'Dispositive Motion,' " Glad-A-Way averred that it could not adequately respond to Lynn Mayer's motion for summary judgment because (1) Lynn Mayer had not responded to its discovery requests; (2) none of Lynn Mayer's affidavits attached the summaries' underlying documentation; and (3) it had been prohibited from taking any depositions or subpoenaing third party witnesses. To the affidavit, Glad-A-Way attached a copy of its unanswered requests for interrogatories and production of documents. Accordingly, it is clear from the Rule 56(f) affidavit what Glad-A-Way was seeking in its Rule 56(f) request: responses to its attached discovery requests which would have provided concrete evidence of Lynn Mayer's costs and details of sales in California, core factual issues in its case. Glad-A-Way further states in its Rule 56(f) affidavit that it believes such evidence would preclude summary judgment, as it expects the underlying concrete evidence will contradict Lynn Mayer's arguably self-serving summaries and other purported evidence.
 
 
 22
 We have liberally allowed consideration of Rule 56(f) motions without requiring strict compliance with the affidavit requirement. In Garrett v. City and County of San Francisco, 818 F.2d at 1518-19, for example, this court held that the nonmoving party's pending motion to compel production of documents, although not formally denominated as a Rule 56(f) request, was sufficient to raise the issue of whether he should be permitted additional discovery. In that case, as here, the district court had granted summary judgment because the plaintiff lacked evidence to support its claim. There, as here, the plaintiff's discovery motion sought the kind of evidence which was likely to be in the sole possession of the defendant. See also, Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1306 n. 1 (9th Cir.1986) (nonmovant's affidavit in opposition to summary judgment which referred to its pending motion to compel discovery was sufficient to raise Rule 56(f) consideration); Program Eng'g, Inc., 634 F.2d at 1193 (nonmovant's motion to strike portions of movant's summary judgment motion was sufficient to raise Rule 56(f) consideration even though plaintiff did not submit any affidavits or move for a continuance to allow for further discovery).
 
 
 23
 The cases on which the district court relies in finding Glad-A-Way's Rule 56(f) affidavit to be insufficient are readily distinguishable. Unlike the case at bar, Breen v. Parker, No. C-90-2745 MHP, 1992 WL 533260, at * 6, 1992 U.S.Dist. LEXIS 2987, at * 19 (N.D.Cal.1992) (Patel, J.), presents a situation in which the nonmovants had enjoyed "ample time to do discovery and prove their allegations." And in Black's Guide, Inc. v. Mediamerica, Inc., No. C-90-0819, 1990 WL 169141, at * 6, 1990 U.S.Dist.Lexis 16272, at * 17-18 (N.D.Cal. Aug. 15, 1990) (Patel, J.), the court refused to grant a continuance where, in contrast to the case at bar, the sought-after information would only serve to establish a fact which the court had already assumed to be true for the purpose of the motion. Notably, in Black's Guide, the court stated it was "wary of granting summary judgment where there have been limited opportunities to conduct discovery." Id. at * 6, 1990 U.S.Dist.Lexis 16272, at * 17.
 
 IV.
 
 24
 Lynn Mayer does not dispute that information crucial to Glad-A-Way's opposition was primarily in its possession; rather, it argues that because Glad-A-Way failed to engage in a sufficient Rule 11 prefiling investigation, its Rule 56(f) request cannot be considered. First of all, as Lynn Mayer's own brief reveals, there is scant support for this proposition. Secondly, Rule 11 does not apply to a complaint filed in state court, even if the action is later removed. Hurd v. Ralphs Grocery Co., 824 F.2d 806, 808 (9th Cir.1987).[4]
 
 
 25
 Even if this court were to adopt such a requirement, Glad-A-Way's argument is to no avail; although the district court eventually granted summary judgment for Lynn Mayer, it nonetheless found that Glad-A-Way's Complaint met the requirements of Rule 11. See Glad-A-Way Gardens, Inc. v. Lynn Mayer's Great Lakes Glads, Inc., No. C-93-0238-MHP, at 6, 9 (N.D.Cal. Feb. 23, 1994).[5]
 
 V.
 
 26
 The denial of discovery made it impossible for Glad-A-Way to adequately resist Lynn Mayer's motion for summary judgment because it left Glad-A-Way with no access to information crucial to its opposition. Summary judgment was prematurely granted. This was an abuse of the court's discretion. Although reluctance to open Lynn Mayer's business records to its competitor is understandable, it is nonetheless required in this situation subject to such protective measures as the district court deems appropriate. Glad-A-Way is entitled to discovery of information demonstrating Lynn Mayer's costs of producing and shipping gladiolus flowers to California and sales in California. Therefore, we REVERSE the district court's refusal to allow Glad-A-Way a continuance and allow for discovery pursuant to Fed.R.Civ.P. 56(f).
 
 
 27
 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
 
 
 
 *
 Oral argument was conducted via telephone conference call, as agreed by the parties
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 This action was originally filed in the Superior Court of California, but was removed at Lynn Mayer's request to federal court under 28 U.S.C. Sec. 1441
 
 
 [2]
 The district court denied Glad-A-Way's motion for a continuance in part because it believed Glad-A-Way was relying on cases dealing with complex antitrust issues which it found "unnecessary to consider." Summary Judgment Order at 17 n. 7. Without addressing the question of whether antitrust claims are or should be held to a higher standard for granting summary judgment than are claims under the California Unfair Practices Act, we observe that numerous non-antitrust cases emphasize that a continuance should be granted to allow further discovery where the nonmovant has not had the opportunity to obtain facts essential to its opposition. See, e.g., Garrett, 818 F.2d at 1519 (Title VII claim); Texas Partners, 685 F.2d at 1119 (Securities Exchange Act claim); Costello, Porter, Hill, Heisterkamp & Bushnell v. Providers Fidelity Life Ins. Co., 958 F.2d 836, 838-39 (8th Cir.1992) (action for legal fees); Contractors' Ass'n of E. Pa., 945 F.2d at 1266-67 (challenge to set-aside program); Weir v. Anaconda Co., 773 F.2d 1073, 1082 n. 8 (10th Cir.1985) (employee benefits claim)
 
 
 [3]
 Furthermore, to presume the accuracy of the summaries controverts the fundamental requirement that at summary judgment a district court is to view the evidence in the light most favorable to the nonmoving party and is to refrain from making credibility determinations. As the Supreme Court has held, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249
 
 
 [4]
 Upon removal, Rule 11 does apply to documents filed in federal district court. Id. at 809. Thus, Rule 11 applies to Glad-A-Way's opposition to the summary judgment motion
 
 
 [5]
 Lynn Mayer mischaracterizes Glad-A-Way's Rule 56(f) affidavit. Glad-A-Way never conceded that it "had no facts whatsoever." Glad-A-Way merely argued it was unable to marshall facts sufficient to oppose the motion for summary judgment