**UNITED STATES ex rel. Walter L. THOMAS, Petitioner,**

v.

**Richard GRAMLEY, Warden, Pontiac Correctional Center, Defendant.**

**No. 95 C 5039.**

United States District Court, N.D. Illinois, Eastern Division.

Nov. 19, 1997.

Mark Anthony Latham, Haligman and Lottner, P.C., Denver, CO, Marshall J. Hartman, Chicago, IL, for Petitioner.

Penelope Moutoussamy George, Illinois Attorney General's Office, Criminal Appeals Div., Chicago, IL, for Respondent.

## MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge.

■ Pursuant to Rule 60(b)(6), Walter Thomas has moved for reconsideration of our denial of his petition for a writ of habeas corpus. This raises an unusual procedural question: after a litigant's appeal of a judgment has been docketed, may he bring in the district court a Rule 60(b)(6) motion for relief from that judgment premised on a nondispositive change in the law which occurred during the pendency of the appeal? We hold that he may not, and we accordingly deny Thomas's motion.

### I. Background

In March, 1988, a jury convicted petitioner Walter Thomas of murder, aggravated arson, arson, and burglary, and it sentenced him to death for these crimes. Thomas appealed directly to the Illinois Supreme Court, which upheld his conviction and sentence in 1990. *See People v. Thomas*, 137 Ill.2d 500, 148 Ill.Dec. 751, 561 N.E.2d 57 (1990). After the United States Supreme Court declined to review his case, *see Thomas v. Illinois*, 498 U.S. 1127, 111 S.Ct. 1092, 112 L.Ed.2d 1196 (1991) (denying petition for writ of certiorari): *Thomas v. Illinois*, 499 U.S. 984, 111 S.Ct. 1643, 113 L.Ed.2d 738 (1991) (denying petition for rehearing), Thomas petitioned the Illinois courts for post-conviction relief. The Illinois Supreme Court heard and rejected Thomas's claims, including one in which he asked that court to find that his trial counsel's failure to discover and present at sentencing evidence of his psychological problems constituted ineffective assistance of counsel. *See People v. Thomas*, 164 Ill.2d 410, 207 Ill.Dec. 490, 647 N.E.2d 983, 991–93 (1995).

Thomas next filed a petition for habeas corpus in this Court, which we denied in December, 1996. *See Thomas v. Gramley*, 951 F.Supp. 1338, 1345 (N.D.Ill.1996). In so doing, we relied on the Seventh Circuit's decision in *Lindh v. Murphy*, 96 F.3d 856 (7th Cir.1996) (*en banc*), which held that the Antiterrorism and Effective Death Penalty Act's (the Act's) amendments to § 2254 gov-

erned habeas petitions—such as Thomas's—which were pending as of the effective date of the Act. Those amendments required that we review the Illinois Supreme Court's ineffective assistance analysis for reasonableness rather than (as under the prior law) analyze his claim *de novo. See* 28 U.S.C. § 2254(d)(1). We concluded that the Illinois Supreme Court's decision was reasonable. *See Thomas*, 951 F.Supp. at 1345. Then in March, 1997, we denied Thomas's Rule 59(e) motion asking that we alter our § 2254 judgment, on the ground that Thomas "offer[ed] no new reasons to alter our decision that the Illinois Supreme Court's application of law to the facts was unreasonable." *Thomas v. Gramley*, No. 95 C 5039, 1997 WL 112838, at *1 (N.D.Ill. Mar.11, 1997).

We granted Thomas's request for a certificate of appealability, in part because the Supreme Court had agreed to review the Seventh Circuit's *Lindh* ruling, and in early June, 1997, Thomas filed an appeal of our § 2254 decision in which he again argued that his sentencing attorney was ineffective and in which he asked the Seventh Circuit to apply the pre-Antiterrorism Act standard of review (*de novo* ) to the Illinois Supreme Court's decision in light of the pending Supreme Court case. *See* Appellant's Br. at 18. Several weeks later, on June 23, the Supreme Court reversed the Seventh Circuit and held that the Act's changes to § 2254 did not apply to habeas petitioners such as Thomas. *See Lindh v. Murphy*, —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Thomas then filed the instant motion under Rule 60(b)(6) asking that we reconsider our § 2254 decision in light of *Lindh.* The Seventh Circuit has stayed Thomas's appeal pending our resolution of this motion. *See* 7TH CIR.R. 57.

### II. Discussion

Rule 60 of the Federal Rules of Civil Procedure allows a district court to exercise its "sound discretion," *Textile Banking Co., Inc. v. Rentschler*, 657 F.2d 844, 850 (7th Cir.1981), to provide "Relief From [a] Judgment or Order." Part (b) of the Rule addresses situations in which a court may provide relief which goes beyond merely correcting a clerical error. The first five

subparts of 60(b) concern specific scenarios, such as where there is newly discovered evidence (subpart (2)) or where one party effected a fraud on the court (subpart (3)), while the sixth subpart is a catchall provision: "the court may relieve a party … from a final judgment, order, or proceeding for … (6) any other reason justifying relief from the operation of the judgment." FED .R.CIV.P. 60(b)(6). The question presented by this case is whether relief is justified where the 60(b)(6) motion is premised on a nondispositive change in the law which occurred during the pendency of the movant's appeal of the underlying judgment.

■ This case calls to action two distinct lines of decisions concerning the nature and scope of Rule 60(b), though in the final analysis neither squarely answers the question presented. The first line of cases insists that "Rule 60(b) is not intended to correct errors of law made by the district court in the underlying decision" and that "the appropriate way to seek review of alleged legal errors is by timely appeal; a 60(b) motion is not a substitute for an appeal." *McKnight v. United States Steel Corp.*, 726 F.2d 333, 338 (7th Cir.1984). For this reason, these cases hold that even following a change in the decisional law upon which the district court relied, relief under Rule 60(b) is not justified absent "exceptional circumstances." *E.g. Artis v. United States Indus.*, 805 F.Supp. 609, 610 (N.D.Ill.1992) (citing *Peacock v. Board of Sch. Comm'rs of Indianapolis*, 721 F.2d 210 (7th Cir.1983) (per curiam)). Thomas has pointed us to no such circumstances in his case,[1] and the change in the law alone cannot constitute an exceptional circumstance. *See McKnight*, 726 F.2d at 336 (citing *DeFilippis v. United States*, 567 F.2d 341, 343 (7th Cir.1977)).

The exceptional circumstances requirement serves the interests of finality and of the orderly procession of litigation; if a litigant believes that the district court committed an error of law, his remedy is to appeal the district court's ruling directly, not to use Rule 60(b) to compensate for his failure to appeal or to rely on some later litigant's efforts to change the law. *See Norgaard*, 121 F.3d at 1076; *Artis*, 805 F.Supp. at 610. The ordinary interest in finality does not, of course, play a very large role in this case; Thomas has already filed an appeal. This case does, however, raise greater than average concerns over the orderly procession of litigation.

In general terms, the cases in this line which grant relief do so when faced with two circumstances which are not present here. The first occurs where, through no fault of the movant's, a court's denial of 60(b) relief would leave the movant without a remedy, leading the court to grant the 60(b) motion as an "equitable solution." *Allen v. Shalala*, 835 F.Supp. 462, 465 (N.D.Ill.1993). That is not a problem here, of course: Thomas's appeal is pending, and he has had a "full and fair opportunity" to litigate his claims. *Lim v. Central DuPage Hosp.*, 972 F.2d 758, 764 (7th Cir.1992). The second circumstance occurs where the 60(b) movant filed his motion prior to the deadline for filing an appeal (though after the deadline for a Rule 59(e) motion). Granting this sort of 60(b) motion (actually a 60(b)(1) motion) allows the district court to correct a clear error of law, a correction which renders the appeal unnecessary. *See Peacock*, 721 F.2d at 214; *see also Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir.1964) (Friendly, J.) ("Under such circumstances there is indeed good sense in permitting the trial court to correct its own error…."). Here, again, Thomas filed his 60(b) motion *after* he filed his appeal.

The pendency of Thomas's appeal brings us to the second line of relevant decisions, which is in some tension with parts of the first line. Despite the fact that courts generally do not allow motions under Rule 60(b) to do service for an appeal, *see McKnight*,

---

1. Thomas's 60(b) motion might have presented exceptional circumstances had he filed it after the time for his appeal had run. He would then be facing his execution without the benefit of a proper federal review of his federal claims, and this Court would in that event conduct a *de novo* review of his ineffective assistance of counsel claim. *Cf. Norgaard v. DePuy Orthopaedics, Inc.*, 121 F.3d 1074, 1077 (7th Cir.1997) (stating that "ongoing custody or future collateral consequences [may] support postjudgment relief"). As we discuss *infra*, however, the fact that his appeal is pending casts a different light on his 60(b) motion.

726 F.2d at 338, the second group of decisions allows litigants to file a 60(b) motion while an appeal of the underlying judgment is pending. *See, e.g., Textile Banking,* 657 F.2d at 849. The Rule itself does not speak to this situation, but the Seventh Circuit has agreed with most of its sister circuits that the opposite view—that the filing of an appeal completely divests the district court of jurisdiction over the case, thereby forcing the moving party to file a motion in the circuit court seeking a formal remand to the district court—compels a "costly and time-consuming procedure" which ignores the practical necessity for a speedy resolution of the case. *See id.* at 849–50 (citing cases from other circuits). The Seventh Circuit's more expedient approach is to stay the appeal while the district court considers the motion and to remand the case only if the district court provides notice that it is inclined to grant the motion. *See Graefenhain v. Pabst Brewing Co.,* 870 F.2d 1198, 1211 (7th Cir.1989) (citations omitted); 7TH CIR.R. 57; *see also* 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2873 (2d ed.1995) (describing this procedure as "sound in theory and preferable in practice"); 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 60.67[2][b] (3d ed.1997) (reviewing the practices of each circuit).

The second line of cases does not, however, convince us that Thomas's motion is an appropriate one under Rule 60(b). While these cases give the district court an opportunity to make corrections to its judgment which might otherwise result in a reversal of that judgment on appeal due to an intervening decision,[2] our review of the law indicates district courts seem to take this opportunity only when it is absolutely clear that the outcome of the former judgment would be reversed on appeal. *See, e.g., United States v. Ginsburg,* 705 F.Supp. 1310, 1326 n. 2 (N.D.Ill.1989) (granting 60(b)(6) relief since the prior judgment represented a "demonstrably incorrect result" in the light of "new and controlling authority" which would "compel its reversal"), *aff'd* 909 F.2d 982 (7th Cir.1990). Using Rule 60(b) in this way enhances efficiency and promotes the smooth flow of litigation, for the outcome of the pending appeal is certain. In this case, however, the result we reached in our prior opinion—denying Thomas relief on his ineffective assistance claim—was not "demonstrably incorrect," as the Supreme Court's *Lindh* decision did not alter the substantive rule of law at issue; only the standard of review changed. *Cf. Norgaard,* 121 F.3d at 1077 (evaluating how "startling the change" in the law was). For this reason, we seriously doubt that granting Thomas's 60(b) motion would accomplish much more than inducing the State of Illinois to appeal our decision (since, as its procedural history shows, this is a highly litigated death penalty case in which the parties have already skirmished multiple times on the ineffective assistance issue[3]), which would merely replace Thomas's current appeal of our § 2254 decision and which would present exactly the same issues. *See* 12 MOORE'S FEDERAL PRACTICE § 60.67[2][a] ("If the litigant is concerned with matters of law ... there is no reason to insist on a Rule 60(b) proceeding at all. Indeed, insisting on

**2.** Rule 60(b) motions filed for reasons other than an intervening court decision present a different situation. If, for example, a litigant whose appeal of a judgment was pending discovered new evidence which justified relief from that judgment, his Rule 60(b)(2) motion would be properly filed in the district court, *seeVenture Assoc. Corp. v. Zenith Data Sys. Corp.,* 96 F.3d 275, 280 (7th Cir.1996); *Gomez v. Chody,* 867 F.2d 395, 404 (7th Cir.1989), as the consideration of new evidence is "within the district court's bailiwick," *Graefenhain,* 870 F.2d at 1211 (remanding to allow the district court to rule on a motion for post-judgment interest). Matters of law (or application of law to fact) such as the *Strickland* test, by contrast, fall within the appellate court's area of special expertise.

**3.** This fact prompts us to add a note of caution: while our denial of Thomas's 60(b)(6) motion is, of course, an appealable order, at least one court of appeals has imposed sanctions where a party appealed both the underlying judgment and the district court's 60(b) decision. *See Costello, Porter, Hill, Heisterkamp & Bushnell v. Providers Fidelity Life Ins. Co.,* 958 F.2d 836, 840 (8th Cir. 1992) ("We deny Providers' 60(b) motion and find no abuse of discretion by the trial court which, in its ruling denying the 60(b) motion, acknowledged the pendency of the ... appeal.... We find the filing of the 60(b) motion and the appeal therefrom to be frivolous. We therefore award sanctions....").

district court 'reconsideration' of these sorts of matters when they could be addressed in the appeal itself may be sanctionable as a needless duplication of proceedings."). Since the appellate court will review Thomas's ineffective assistance claim *de novo,* the appellant-appellee switch would be of no significance.

Given that Thomas's ineffective assistance claim, argued under the correct standard of review, is already squarely before the appellate court, *see* Appellant's Br. at 18, and will remain or be refiled there no matter what our ruling, we must wonder why Thomas has filed this 60(b) motion at all. It can accomplish nothing but to delay this case, and while we express no opinion as to whether that is what Thomas intended to achieve,[4] we do believe that this result is at odds with at least the spirit of Rule 60(b). *See generally Standard Oil Co. Of California v. United States,* 429 U.S. 17, 19, 97 S.Ct. 31, 32, 50 L.Ed.2d 21 (1976) (stating the Court's concern, in the 60(b) context, over "the delay and expense of litigation and ... burden[ing] the increasingly scarce time" of the judiciary). As Judge Kocoras has written:

> Even commentators who advocate a more liberal vacation of judgment standard than the case law currently provides when there has been a very recent and dramatic change in the law note that such relief should not be forthcoming where the would-be vacator has not done all in his power to obtain his goal through less disruptive forms of address.

*Lim v. Central Dupage Hosp.,* No. 86 C 6333, 1990 WL 19554, at *4 (N.D.Ill.1990) (denying 60(b)(6) relief, following a change in the law, for failure to take the less disruptive step of amending the complaint rather than bringing the motion). Not only is Thomas's motion disruptive, it serves no purpose other than to disrupt. We thus see no reason to dip into our "grand reservoir of equitable power" under Rule 60(b), *Lim,* 1990 WL 19554, at *2 (quoting *Radack v. Norwegian Am. Line Agency, Inc.,* 318 F.2d 538, 542 (2d Cir.

1963)), to exercise our "discretion piled on discretion," *3 Penny Theater Corp. v. Plitt Theatres, Inc.,* 812 F.2d 337 (7th Cir .1987) (quoting *Tolliver v. Northrop Corp.,* 786 F.2d 316, 318 (7th Cir.1986)), or to "continue the existence of this 'unnecessary and undesirable clog on the proceedings.' " *Standard Oil,* 429 U .S. at 19, 97 S.Ct. at 32 (quoting *S.C. Johnson & Son, Inc. v. Johnson,* 175 F.2d 176, 184 (2d Cir.1949) (Clark, J., dissenting)).

### III. Conclusion

In light of the fact that (1) Thomas relies solely on a nondispositive change in the law as the basis for his motion, and (2) Thomas's claim is now before the appellate court, his motion is not a viable one under Rule 60(b)(6), and we accordingly deny it. It is so ordered.

---

4. Thomas's motion does disclaim any intention of delay, though for the ironic reason that "he has already filed his initial brief before the Seventh Circuit in a timely fashion...." Pet'r Br. at 4. He also claims to "bring[ ] this motion in a prompt fashion to avoid any unnecessary duplication of briefs," *id.,* among other reasons, though we note that his filing of the motion is exactly what has caused a duplication of briefs.